(88 South. 218)
YORK v. WILLINGHAM. (6 Div. 749.)

(Court of Appeals of Alabama. Dec. 14, 1920. Rehearing Denied Feb. 11, 1921.)

Habeas corpus ⬥4, 30(3)—Petition for release of minor from probation officer cannot take place of appeal, and writ is not directed to irregularities in judgment of juvenile court.

A petition in habeas corpus for release of a delinquent child from control of probation officer is a collateral attack upon the judgment of the juvenile court, given original and exclusive jurisdiction in such cases by Act Feb. 19, 1919 (Acts 1919, pp. 128–144), and exercising chancery jurisdiction and power as to such children, and as habeas corpus cannot be made to do service for an appeal, and as the writ is not directed to error or irregularity but to the question whether the judgment is a mere nullity, an answer setting up a judgment reciting every necessary jurisdictional fact, and valid on its face, is 'sufficient answer to the petition in view of Code 1907, § 7032, providing that regularity or justice of a judgment cannot be reviewed on habeas corpus.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Habeas corpus by Mrs. Susie York for the custody of her child, addressed to S. B. Willingham, alleged to be unlawfully withholding said child. From a judgment denying the writ, petitioner appeals. Affirmed.

Petition for certiorari dismissed, 88 South. 219.

Benton & Bentley, of Bessemer, for appellant.

The child was a ward of the chancery court and the judgment of the juvenile court was not an answer to the writ. 197 Ala. 246, 72 South. 437; 77 South. 674. The court should have proceeded to hear the writ on its merits. 56 South. 589; 4 Ala. App. 245, 58 South. 113; 80 South. 680. Chancery court always has jurisdiction to determine what is the best interest of the child. 76 Ala. 482. The chancery court cannot be thus deprived of its jurisdiction. 34 Ala. 516; 58 South. 195; 192 Ala. 465, 68 South. 350; 198 Ala. 225, 73 South. 473.

Ben G. Perry, of Bessemer, for appellee.

All the contentions of the appellant are fully answered by Acts 1919, p. 129. The judgment of the juvenile court cannot be collaterally attacked in proceedings of this character. 168 Ala. 171, 52 South. 934; 170 Ala. 105, 54 South. 501; 177 Ala. 406, 59 South. 258.

MERRITT, J. Susie York, the ·appellant, filed her petition for a writ of habeas corpus, addressed to the judge of the Bessemer division of the circuit court of Jefferson county.

The petition recites that Susie York is the mother of Myrtle York, a girl 16 years of age, and that the said Myrtle York is being held unlawfully by S. D. Willingham, probation officer for Jefferson county, Ala.

The answer of Willingham to said petition admits that he is such an officer but denies that Myrtle York is being unlawfully held by him, and setting up that the said Myrtle York had been by a judgment of the juvenile court of Jefferson county, Ala., adjudged a juvenile delinquent, and attaching a copy of the judgment of the court to, and incorporating it as a part of, his answer. A motion to strike and demurrers were filed to this answer, and the decree recites the motion to

strike and demurrers overruled, and that the petition is denied.

Whatever may have been their status heretofore, it now appears that under the provisions of the act of the Legislature, approved Feb. 19, 1919, General Acts of Alabama, pp. 128–144, all dependent, neglected, or delinquent children, as defined in said act, are considered wards of the state, in need of its care and protection, and subject to the jurisdiction, custody, control, supervision, and guardianship of what is known as the juvenile court created by said act. The act defines "dependent child" and "neglected child," to mean any male child under 16 years of age and any female child under 18 years of age who is found in such a condition, or who engages in such things as are enumerated in said act. It is provided in section 5 of this act that the juvenile delinquent court shall have original and exclusive jurisdiction to hear, determine, and adjudicate all questions coming within the terms of the act; shall have power to determine the question of the dependency, neglect, or delinquency of any child, and when so determined to declare such children wards of the state, "and to make and enter such judgment or orders for their custody, discipline, supervision, care, protection, and guardianship, as in the judgment of the court will be for the welfare and best interest of such child"; said court, as to said dependent, neglected, and delinquent children "shall have and exercise the jurisdiction and power possessed by chancery courts in this state." This act provides how these children are to be apprehended, how treated, how jurisdiction of them is acquired, how disposition may be made of them, by placing them in good homes or in certain state institutions, and its completeness in every detail impresses us with the sympathy and solicitude of those having its enactment in charge, and that its humane provisions are such that every child coming within its compass should be so molded, controlled, and treated as to make of all of them good and useful citizens.

Courts of this character are a recent product of the solicitude of the law, to deal with dependent, neglected, and delinquent children, the procedure of which is less formal and more paternal than that of the regular criminal court, and in which the child is protected from publicity and from association with adult criminals. 14 R. C. L. p. 277.

In the instant case the judgment of the juvenile court, as set out in the answer to the petition, shows every jurisdictional fact necessary for the court to proceed to judgment in the matter, and the judgment on its face shows it to be valid. The petitioner's effort to bring about the discharge of the child on a writ of habeas corpus is a collateral attack upon the judgment of the juvenile court, and this court, concurring with all others, held that the writ of habeas corpus cannot be made to do service for an appeal, and that the writ is not addressed to questions of error or irregularity, but to the question whether the judgment under which the child is held is a mere nullity. Cofer, v. State, 168 Ala. 171, 52 South. 934; Ex parte Adams, 170 Ala. 76, 52 South. 501; Ex parte Roberson, 123 Ala. 103, 26 South. 645, 82 Am. St. Rep. 107; Towery v. State, 143 Ala. 59, 39 South. 310.

The statute affirms this principle in declaring that, on the return to a writ of habeas corpus, there is no "authority to inquire into the regularity or justice of any order, judgment, decree, or process of any court legally constituted," etc. Code 1907, § 7032.

The judgment of the juvenile court, being valid, was an answer to the petition, and there was no error in the ruling of the court on the motion and demurrer, and in refusing to grant the petition.

The judgment is therefore affirmed.

Affirmed.