This appeal is from a court order of the Shelby County Juvenile Court finding Kenneth Aubrey Floyd III to be a dependent child and placing his temporary care, custody, and control with the Shelby County Department of Human Resources (Department) with physical custody in the child's natural father.
In March 1987, the Department filed a petition alleging that Kenneth Aubrey Floyd III had been physically, mentally, or emotionally abused by his natural mother's boyfriend while in the custody of his mother. The petition was filed after an investigation by the Department and a following report indicating that the child had wounds from cigarette burns on his back. Following a detention hearing, temporary custody of the child was given to the Department. On August 20, 1986, after hearing testimony in a dispositional hearing, the court found the minor to be dependent and ordered that his temporary care, custody, and control be placed with the Department with physical custody in his natural father, Kenneth Floyd. The natural mother, Lisa Floyd, was given visitation privileges on the second and fourth weekends of each month. The court ordered that the mother's boyfriend should at no time be in the presence of the child during such visitation. *Page 981 
The mother appeals from the decision of the trial court.
The appellant contends that the trial court's determination was not supported by clear and convincing evidence. Appellant further alleges that the trial court improperly shifted the burden of proof from the Department to clearly and convincingly prove that the injuries which were found on the child were the result of abuse to the appellant to show that the marks were not signs of abuse. However, we find that the evidence before the court indicated that the trial court's decision was supported by clear and convincing legal evidence, that the Department carried the proper burden of proof, and that the finding of dependency was correct.
There must be clear and convincing evidence to support a court finding that a child is dependent. Section 12-15-65(e), Ala. Code 1975 (1986 Repl.Vol.). This court has held that the juvenile court has the authority to look at the totality of the circumstances when determining whether a child is dependent.Martin v. State, 502 So.2d 769 (Ala.Civ.App. 1987).
The record reveals that, during the course of the hearings of this case, three physicians testified that the marks observed on the child were consistent with those of cigarette burns. The two physicians initially examining the child stated that they were suspicious of abuse, due to the history of the child and the appearance of the injuries.
When the trial court has heard the testimony of the witnesses, its determination of fact is presumed correct and will not be reversed on appeal unless so unsupported by the evidence as to be plainly and palpably wrong. Johnson v. State,485 So.2d 1185 (Ala.Civ.App. 1986). We thus find that there was clear and convincing evidence to support the trial court's finding of dependency.
The appellant next contends that the trial court erred in terminating the mother's custody of the child. We note that the mother's parental rights were not terminated, but custody was placed with the father and provisions were made for the mother to receive visitation rights. The Code of Alabama 1975, § 12-15-71(a)(3)(c), provides that the court may place a child who is found to be dependent with a relative who is determined to be qualified to receive and care for the child after a study by the Department of Human Resources. Jensen v. Short,494 So.2d 90 (Ala.Civ.App. 1986). A home study was conducted by the Department on the home of the natural father, Kenneth Floyd, and a recommendation was issued to the court that the child be placed in the home. Thus we find no error in the court's placement of the child.
The mother next argues that the court erred in limiting her visitation rights. This court has repeatedly stated that the trial court's only parameter is the best interests and welfare of the child. Minchew v. Mobile County Dept. of HumanResources, 504 So.2d 310 (Ala.Civ.App. 1987). In light of the facts of this case, including the fact that the natural mother lives with the man suspected to have burned the child, has one child with him, and is expecting another, it is likely that she will have continual contact with him. The court, concerned about the best interests of the child, correctly assigned visitation to the mother on alternate weekends in the absence of her boyfriend.
The case is affirmed.
AFFIRMED.
BRADLEY, P.J., and HOLMES, J., concur. *Page 982