PITTMAN, Judge.
This mandamus proceeding was initiated by T.C. (“the father”), who is the primary custodial parent of A.C. and Tr.C. (“the children”); the father seeks review of, among other things, a “status quo” order entered by the Baldwin Juvenile Court in favor of the children’s mother, C.E. (“the mother”), who has sought modification of the custody of the children in light of the father’s intent to relocate with the children to Vernon, New York. This is the second time that these parties have appeared before this court. In our opinion in T.C. v. C.E., [Ms. 2080763, December 11, 2009],* we summarized some of the pertinent factual and legal background:
“The record reflects that the juvenile court awarded primary physical custody of the children to the father in 2006. On November 25, 2008, the father sent the mother a letter by certified mail notify-
*629 ing her of his plan to relocate with the children to Vernon, New York, at the end of the 2008-2009 school year; that notice was in substantial compliance with the requirements of the Alabama Parent-Child Relationship Protection Act (‘the Act’), Ala.Code 1975, § 30-3-160 et seq., concerning the form of such notices. See generally Ala. Code 1975, § 30-3-165. In particular, the notice stated that the mother had ‘thirty days from the date of [the] notice to object to the relocation by filing a proceeding with the Court or the relocation will be permitted.’
“Although the mother, through her counsel, apparently sent a letter to the father on December 2, 2008, indicating that she objected to the proposed relocation, the record does not indicate that the mother initiated a civil action in the juvenile court objecting to the proposed relocation until February 9, 2009, more than 30 days after receipt of the notice. The father filed a motion to dismiss the mother’s action, asserting that the mother had not brought her action within 30 days of receipt of the notice of the planned relocation as required by Ala. Code 1975, § 30-3-169. The juvenile court, at the outset of trial on May 6, 2009, denied the father’s motion, stating: T am not going to be that strict with a law that has had very little interpretation anywhere. I am not going to be that strict on the form stuff. I would rather deal [with] substance so I am going to deny your motion to dismiss.’ After receiving testimony and documentary evidence, the juvenile court stated on the record that it would ‘deny the request for the move, because I just think it’s in the best interest for y’all to be in this place.’ The juvenile court then entered a judgment denying leave to relocate, from which the father ... timely appealed.”
— So.3d at-. We reversed the juvenile court’s judgment in the relocation action, holding that the mother’s failure to file a civil action within 30 days of receiving notice of the proposed relocation, as specified in the Alabama Parent-Child Relationship Protection Act (“the Act”), § 30-3-160 et seq., Ala.Code 1975, amounted to a waiver of her right under the Act to bring an action objecting to the proposed relocation. In doing so, we stated that “the legislature has seen fit to confer upon a primary custodial parent the absolute right to relocate upon providing notice in conformity with the Act if no civil action objecting to the proposed relocation is initiated within 30 days of receipt of the notice.” — So.3d at-. We remanded the cause with instructions to the juvenile court to dismiss the relocation action. After the mother’s application for rehearing was overruled by this court, the mother sought. review in the Alabama Supreme Court by petitioning for a writ of certiora-ri; that petition remains pending in that court, and this court’s certificate of judgment has not yet been issued in case no. 2080763.
Eight days after our opinion was issued in case no. 2080763, the mother initiated a new action in the Baldwin Juvenile Court in which she sought a modification of that court’s previous judgment as it pertained to the children’s custody. In her complaint, the mother averred that the father’s intended move to New York with the children amounted to a material change in circumstances warranting a change in the children’s custodial or visitation arrangements. The father filed a motion to dismiss the mother’s modification action; however, the juvenile court, after a hearing, entered a “status quo” order directing that the children were to remain in Alabama pending a final hearing on the mother’s complaint. In response to that order, *630 the father filed in this court a petition for a ■writ of mandamus in which he asserted that the juvenile court had acted outside its jurisdiction in entering the “status quo” order requiring that the children remain in Alabama. This court called for answers and briefs, which were filed, and the cause was thereafter submitted for a decision.
As our Supreme Court noted in Ex parte Progressive Specialty Insurance Co., 31 So.3d 661, 663 (Ala.2009), questions of a trial court’s subject-matter jurisdiction are reviewable by means of a petition for a writ of mandamus. Further, our review of such questions is not limited to grounds specifically raised in a mandamus petition because a lack of subject-matter jurisdiction is not subject to waiver by the parties, and it is our duty to consider a lack of subject-matter jurisdiction ex mero motu. Id. at 662 n. 1. Although the father contends in his mandamus petition that the juvenile court lacks jurisdiction to hear the mother’s modification action because of this court’s opinion in, and the pending certiorari proceedings in, the relocation action, we believe that the mother’s modification action suffers from a more fundamental jurisdictional defect.
Under former law, “once a juvenile court obtain[ed] jurisdiction in any case involving a child,” such as the children in this case, “that court retain[ed] jurisdiction over that case until the child reache[d] the age of 21 years or until the court, by its own order, terminate[d] that jurisdiction.” W.B.G.M. v. P.S.T., 999 So.2d 971, 973 (Ala.Civ.App.2008) (citing former §§ 12-15-32(a) & 26-17-10(e), Ala.Code 1975). Thus, under former law, “[wjhen a juvenile court ha[d] jurisdiction to make an initial child-custody determination, it retain[ed] jurisdiction over a petition to modify that custody judgment to the exclusion of any other state court until the child reache[d] 21 years of age or the juvenile court terminate[d] its jurisdiction.” Id. at 974. If the applicable statutory framework had remained unchanged from that applied in W.B.G.M., this court would likely have denied the father’s mandamus petition, as issues of parental relocation are merely one facet of the larger question of whether a custody judgment should remain in force or should be modified. Cf. Clements v. Clements, 906 So.2d 952, 958 (Ala.Civ.App.2005), and Ala.Code 1975, § 30-3-169.3(a).
Hpwever, as the special concurrence in W.B.G.M. noted, the Legislature has mandated a contrary rule as to custody cases filed after January 1, 2009:
“Act No. 2008-277, Ala. Acts 2008, replaces ... § 12-15-32[ ] with a new Code section, Ala.Code 1975, § 12-15-117, that limits a juvenile court’s retained jurisdiction to cases in which ‘a child has been adjudicated dependent, delinquent, or in need of supervision’ (emphasis added [in W.B.G.M.]). That new Code section, which takes effect January 1, 2009, legislatively abrogates Heller v. Heller, 558 So.2d 961 (Ala.Civ.App.1990), and M.U. v. K.W., 751 So.2d 22 (Ala.Civ.App.1999), as to future cases, thereby limiting (but not eliminating) the prospective precedential value that the main opinion in this case might otherwise have had. Similarly, ... § 26-17-10(e), which is also cited by the main opinion, has been repealed effective January 1, 2009. See Act No. 2008-376, Ala. Acts 2008, § 1.”
999 So.2d at 975 (Pittman, J., concurring specially). To like effect is § 12-15-114(a), which provides that although a juvenile court has original jurisdiction to decide an action alleging that a child is dependent, “[a] dependency action shall not include a custody dispute between parents.” The clear intent of the Legislature was to provide that the juvenile courts of this state should no longer be deciding *631 custody disputes except insofar as their resolution is directly incidental to core juvenile-court jurisdiction (such as in original paternity actions, see Ala.Code 1975, § 26-17-104). Thus, the juvenile court erred in exercising jurisdiction over the mother’s complaint that, under current law, is denied to that court.
Our conclusion should not be read as holding that the juvenile court’s 2006 custody judgment is void for lack of jurisdiction, nor as mandating that that judgment must remain in effect regardless of the circumstances for lack of a forum with jurisdiction to modify it. To the extent that a juvenile court has properly made an initial custody award, or has properly modified a custody judgment under the statutory framework set forth in the main opinion in W.B.G.M., those judgments remain valid and enforceable notwithstanding the enactment of Act Nos. 2008-277 and 2008-376, Ala. Acts 2008. Any such judgments would, however, be prospectively modifiable in Alabama only by the circuit courts, which are constitutionally constituted as “trial court[s] of general jurisdiction.” Ala. Const.1901, § 139(a) (Off. Recomp.).
The father’s petition for the writ of mandamus is granted. The juvenile court is directed to vacate the “status quo” order and to dismiss the mother’s modification action forthwith.
PETITION GRANTED; WRIT ISSUED.
BRYAN, THOMAS, and MOORE, JJ„ concur.

 Note from the reporter of decisions: On March 25, 2011, in response to a direction from the Alabama Supreme Court to "reconsider” its decision in case no. 2080763 in light of its decision in this case (case no. 2090433), the Alabama Court of Civil Appeals, on rehearing ex mero motu, withdrew its December 11, 2009, opinion and substituted another opinion. The material quoted below and in the following paragraph appears in the substituted March 25, 2011, opinion. Like the original opinion, the substituted opinion reversed the judgment of the juvenile court and remanded the cause with instructions to dismiss the mother’s action. See T.C. v. C.E., [Ms. 2080763, March 25, 2011] - So.3d -, -(Ala.Civ.App.2011). As of June 9, 2011, when this opinion was prepared for publication, a petition for a writ of certiorari remained pending in the Alabama Supreme Court, and no certificate of judgment had been issued by the Alabama Court of Civil Appeals.