68 So.3d 878 (2011)
J.W. and S.W.
v.
C.B.
2100108.
Court of Civil Appeals of Alabama.
February 25, 2011.
Shannon R. Clark, Enterprise, for appellants.
Submitted on appellants' brief only.
BRYAN, Judge.
J.W. ("the paternal grandfather") and S.W. ("the paternal grandmother") (hereinafter collectively referred to as "the paternal grandparents") appeal from a judgment entered by the Coffee Juvenile Court ("the juvenile court") following the issuance of an opinion from this court in J.W. v. C.B., 56 So.3d 693 (Ala.Civ.App.2010).

Procedural History
On July 21, 2008, the juvenile court adjudicated F.C.W. ("the child") to be dependent, *879 awarded physical custody of the child to the paternal grandparents, and awarded joint legal custody of the child to the paternal grandparents and S.B., the child's maternal grandfather, and J.B., the child's maternal grandmother.[1]Id. at 695. In June 2009, C.B. ("the mother") filed a petition to modify the July 2008 custody award, and, after a trial, the juvenile court, in December 2009, granted the mother's custody-modification petition and awarded the mother legal and physical custody of the child. Id. at 695. The paternal grandparents and L.W., the father of the child, appealed the custody-modification judgment, and this court concluded that there was insufficient evidence to support the juvenile court's conclusion that a material change in circumstances had occurred since the entry of the last custody judgment. Id. at 700. We remanded the case to the juvenile court with instructions to enter an order consistent with this court's opinion reversing the custody-modification judgment. Id. at 700.
After this court issued a certificate of judgment in J.W., the juvenile court entered a judgment on October 7, 2010, in which it stated that, based on this court's decision in Ex parte T.C., 63 So.3d 627 (Ala.Civ.App.2010), it was required to conclude that it had never obtained subject-matter jurisdiction over the mother's custody-modification action. The juvenile court then vacated its December 2009 custody-modification judgment, and it stated that any petition to modify the juvenile court's July 2008 custody judgment must be filed in the circuit court. The paternal grandparents filed a timely notice of appeal from that judgment.

Issue
On appeal, the paternal grandparents argue that the juvenile court erred in concluding that it did not have jurisdiction to consider the mother's custody-modification action.

Standard of Review
The question presented on appeal is a question of law. Accordingly, this court will review the juvenile court's judgment de novo, without giving any presumption of correctness to the juvenile court's legal conclusions. See Ex parte Byrom, 47 So.3d 791, 794 (Ala.2010) (citing Simcala, Inc. v. American Coal Trade, Inc., 821 So.2d 197, 200 (Ala.2001)) ("Because the issue before us presents a pure question of law, we review the matter de novo, without any presumption of correctness.").

Discussion
The juvenile court's October 2010 judgment effectively dismissed the mother's custody-modification action for lack of subject-matter jurisdiction. See State v. Property at 2018 Rainbow Drive, 740 So.2d 1025, 1029 (Ala.1999) (when a trial court has no subject-matter jurisdiction over an action, the trial court has no alternative but to dismiss the action). The paternal grandparents argue that the juvenile court erred by relying on Ex parte T.C., supra, because, they allege, the present case is distinguishable from Ex parte T.C. because there is no indication that the children in Ex parte T.C. had ever been previously adjudicated dependent by the Baldwin Juvenile Court.
We acknowledge that the procedural history regarding the Baldwin Juvenile Court's jurisdiction in Ex parte T.C. is not abundantly clear. In Ex parte T.C., this court divulged only that the father had been awarded primary physical custody of the children by the Baldwin Juvenile Court *880 in 2006. 63 So.3d at 628. We concluded that the Baldwin Juvenile Court did not have subject-matter jurisdiction to decide the mother's custody-modification petition in Ex parte T.C. because § 12-15-117(a), Ala.Code 1975, a provision in the new Alabama Juvenile Justice Act ("the AJJA"), § 12-15-101 et seq., Ala.Code 1975, provides that a juvenile court's retained jurisdiction is limited "`to cases in which "a child has been adjudicated dependent, delinquent, or in need of supervision."'" Id. at 630 (quoting W.B.G.M. v. P.S.T., 999 So.2d 971, 975 (Ala.Civ.App.2008) (Pittman, J., concurring specially), quoting in turn § 12-15-117(a)) (emphasis added in W.B.G.M.). Therefore, we must presume that the Baldwin Juvenile Court had not previously adjudicated the children in Ex parte T.C. to be dependent, delinquent, or in need of supervision.
In Ex parte T.C., we also stated that, by making substantive changes to the former Juvenile Justice Act, see former § 12-15-1 et seq., Ala.Code 1975, regarding a juvenile court's retained and original jurisdiction, see § 12-15-114(a), Ala.Code 1975, "[t]he clear intent of the Legislature was to provide that the juvenile courts of this state should no longer be deciding custody disputes except insofar as their resolution is directly incidental to core juvenile-court jurisdiction (such as in original paternity actions, see Ala.Code 1975, § 26-17-104)." Id. at 630-31. Apparently, the juvenile-court judge in the present case interpreted that part of our decision in Ex parte T.C. as holding that a juvenile court does not have subject-matter jurisdiction over a custody-modification petition unless the custody-modification petition also contains an allegation of dependency, i.e., a core basis for juvenile-court jurisdiction. We take this opportunity to clarify our decision in Ex parte T.C.
Pursuant to the AJJA, if a juvenile court has previously adjudicated a child to be dependent, delinquent, or in need of supervision, the juvenile court has continuing jurisdiction over that child until the child attains the age of 21 or until the juvenile court terminates its jurisdiction over the child. See § 12-15-117(a); and Ex parte L.N.K., 64 So.3d 656, 658 (Ala. Civ.App.2010) ("By its plain terms, § 12-15-117(a) does not grant juvenile courts continuing jurisdiction over children unless they have been `adjudicated dependent, delinquent, or in need of supervision.'"). Nothing in the AJJA limits a juvenile court's continuing jurisdiction pursuant to § 12-15-117(a) to proceedings in which the child is again alleged to be dependent, and nothing in Ex parte T.C. should be construed as limiting a juvenile court's continuing jurisdiction in that manner.
Because the child in the present case had been previously adjudicated dependent by the juvenile court in July 2008, § 12-15-117(a) afforded the juvenile court continuing jurisdiction over the child until the child attained the age of 21 or until the juvenile court terminated its jurisdiction over the case involving the child before the child's attainment of the age of 21. The record demonstrates that, at the time the mother filed her custody-modification petition in June 2009, the child had not yet attained the age of 21 and the juvenile court had not terminated its jurisdiction over the case involving the child. Accordingly, we conclude that the juvenile court had continuing jurisdiction over the child, and, thus, it had continuing jurisdiction to consider the mother's custody-modification petition. Therefore, we conclude that the juvenile court erred in determining that it did not have subject-matter jurisdiction over the mother's custody-modification petition.
*881 Because we have found no basis for holding that the juvenile court could not exercise jurisdiction over the mother's custody-modification action, we reverse the judgment of the juvenile court insofar as it dismissed the mother's custody-modification action for lack of subject-matter jurisdiction. We remand the case with instructions to the juvenile court to vacate its October 7, 2010, judgment and to enter a judgment consistent with this court's opinion in J.W., supra.
REVERSED AND REMANDED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.
NOTES
[1] There is an indication in the record on appeal that the juvenile court actually adjudicated the child dependent on June 21, 2008. Regardless, it is undisputed that the juvenile court adjudicated the child dependent in 2008.