On Order of the Alabama Supreme Court and On Rehearing Ex Mero Motu 
*

PITTMAN, Judge.
This court issued an opinion on December 11, 2009, reversing the Baldwin Juvenile Court’s judgment in favor of C.E. (“the mother”), and subsequently denied the mother’s application for a rehearing, prompting the mother to seek certiorari review. By an order dated July 6, 2010, the Alabama Supreme Court directed this court to “reconsider” our decision in this case in light of our decision in Ex parte T.C., 63 So.3d 627 (Ala.Civ.App.2010), to the effect that the juvenile court lacked jurisdiction to hear a custody-modification action involving these same parties *685 brought after this court’s December 11, 2009, decision. Ex parte C.E. (No. 1090624). We have placed this case on rehearing ex mero motu, and, upon reexamination of the facts and legal authorities as directed by the Supreme Court, we now withdraw our previous decision in this appeal and substitute the following therefor.
T.C. (“the father”), who is the primary custodial parent of A.C. and Tr.C. (“the children”), appeals from a judgment of the juvenile court sustaining the objection of the mother and denying leave to the father to relocate with the children to Vernon, New York. The record reflects that the juvenile court awarded primary physical custody of the children to the father in 2006. On November 25, 2008, the father sent the mother a letter by certified mail notifying her of his plan to relocate with the children to Vernon, New York, at the end of the 2008-2009 school year; that notice was in substantial compliance with the requirements of the Alabama Parent-Child Relationship Protection Act (“the Act”), Ala.Code 1975, § 30-3-160 et seq., concerning the form of such notices. See generally Ala.Code 1975, § 30-3-165. In particular, the notice stated that the mother had “thirty days from the date of [the] notice to object to the relocation by filing a proceeding with the Court or the relocation will be permitted.”
Although the mother, through her counsel, apparently sent a letter to the father on December 2, 2008, indicating that she objected to the proposed relocation,[1] the record does not indicate that the mother initiated a civil action in the juvenile court objecting to the proposed relocation until February 9, 2009, more than 30 days after receipt of the notice. The father filed a motion to dismiss the mother’s action, asserting that the mother had not brought her action within 30 days of receipt of the notice of the planned relocation as required by Ala.Code 1975, § 30-3-169. The juvenile court, at the outset of trial on May 6, 2009, denied the father’s motion, stating: “I am not going to be that strict with a law that has had very little interpretation anywhere. I am not going to be that strict on the form stuff. I would rather deal [with] substance so I am going to deny your motion to dismiss.” After receiving testimony and documentary evidence, the juvenile court stated on the record that it would “deny the request for the move, because I just think it’s in the best interest for y’all to be in this place.” The juvenile court then entered a judgment denying leave to relocate, from which the father has timely appealed.
The father contends on appeal that the juvenile court erred in denying his motion to dismiss. We agree. Section 30-3-169, Ala.Code 1975, expressly states:
“The person entitled to determine the principal residence of a child may change the principal residence of a child *686 after providing notice as provided herein unless a person entitled to notice files a proceeding seeking a temporary or permanent order to prevent the change of principal residence of a child within 30 days after receipt of such notice.”
(Emphasis added.)
The proposition that the Act requires a person entitled to notice of a proposed residential change to institute a civil action objecting to the change, as the father argues, rather than making a mere extrajudicial objection, as the mother argues, within 30 days of receipt of a proper notice of a proposed relocation is corroborated by examination of other provisions of the Act. For example, under the Act, all orders or judgments containing child-custody determinations must include the following provision:
“ ‘If you, as the non-relocating party, do not commence an action seeking a temporary or permanent order to prevent the change of principal residence of a child within 30 days after receipt of notice of the intent to change the principal residence of the child, the change of principal residence is authorized.’ ”
Ala.Code 1975, § 30-3-166 (emphasis added). To like effect is § 30-3-169.1(a), which provides that “[a] person entitled to ... visitation with a child may commence a proceeding objecting to a proposed change of the principal residence of a child,” and § 30-3-169.1(c), which provides that such a proceeding
“must be filed within 30 days of receipt of notice of a proposed change of principal residence of a child, except that the court may extend or waive the time for commencing such action upon a showing of good cause, excusable neglect, or that the notice required by subsection (b) of Section 30-3-165 is defective or insufficient upon which to base an action under this article.”
(Emphasis added.)
Although the provisions of the Act addressing the content of the notice itself refer simply to the need for the notice to warn the nonrelocating person “that an objection to the relocation must be made within 30 days of receipt of the notice or the relocation will be permitted,” Ala.Code 1975, § 30-3-165(b)(8) (see also § 30-3-166),[2] the above-quoted provisions of the Act indicate that, as a matter of substantive law, the legislature envisioned that only an “objection” in the form of a civil action would operate to potentially defeat a primary custodian’s right to change the principal residence of a child. Further, although the mother contends that the juvenile court implicitly concluded that “good cause” or “excusable neglect” warranted deeming the mother’s February 2009 action to have been timely filed, see § 30-3-169.1(c), the juvenile court’s ruling on the motion to dismiss, quoted above, negates the proposition that its ruling was based upon anything other than a desire to construe the Act with lenity. Further, and more importantly, the mother made no showing at trial regarding her conduct in response to the father’s notice tending to show that her failure to do anything other than authorize her attorney to send a letter to the father objecting to the proposed relocation within 30 days of receiving notice was a product of “excusable neglect” or amounted to “good cause” so as to warrant permitting her to maintain her February 2009 action against the father.
We recognize, as the mother insists, that Alabama law reflects a general policy that children will usually benefit from contact with both parents. See Ala.Code 1975, *687 §§ 30-3-150 and 30-3-160. However, in the specific area of child relocation, the legislature has seen fit to confer upon a primary custodial parent the absolute right to relocate upon providing notice in conformity with the Act if no civil action objecting to the proposed relocation is initiated within 30 days of receipt of the notice. Thus, in this case, the mother’s substantive right to commence her action objecting to the proposed relocation had been extinguished at the time she brought it, and the juvenile court, in the absence of a showing of good cause or excusable neglect, had no authority to resurrect that right under the guise of not being strict as to mere matters of form.
The juvenile court’s judgment is reversed, and the cause is remanded with instructions to dismiss the mother’s action. The mother’s attorney-fee request is denied.
ON REHEARING EX MERO MOTU: OPINION OF DECEMBER 11, 2009, ■WITHDRAWN; OPINION SUBSTITUTED; REVERSED AND REMANDED. ■
THOMPSON, P.J., and BRYAN, THOMAS, and MOORE, JJ„ concur.

 Note from the reporter of decisions: On February 12, 2010, a petition for certiorari review was filed in the Alabama Supreme Court. On July 6, 2010, the Supreme Court issued an order instructing the Court of Civil Appeals to reconsider its decision in this case in light of its decision on Ex parte T.C., 63 So.3d 627 (Ala.Civ.App.2010), and placing the case on its administrative docket pending the Court of Civil Appeals’ review.

. That letter, the mother claimed, amounted to a timely ''objection'' that sufficed under Ala.Code 1975, §§ 30-3-165(b)(8) and 30-3-166, to warrant the relief granted by the juvenile court. Further, that letter predated the January 1, 2009, effective date of Act No. 2008-277, Ala. Acts 2008, the principal jurisdictional authority upon which Ex parte T.C. relied. As we hold herein, assuming that that unfiled "objection” equated to a court filing triggering the juvenile court's jurisdiction under pre-2009 laws to consider the matter of the proposed relocation, it was nevertheless insufficient to preserve the mother’s substantive rights to object to the proposed move under Ala.Code 1975, § 30-3-160 et seq. If our assumption is wrong, and the adoption of Act No. 2008-277 did operate to divest the juvenile court of jurisdiction to hear the mother’s action seeking an order preventing the father’s contemplated relocation, then that fact would constitute all the more reason for this court to mandate, as we did in our opinion on original deliverance in this case, that the juvenile court dismiss the mother’s action.

. We note that the notice actually given to the mother in this case referred specifically to the necessity of "filing a proceeding with the Court.”