MURDOCK, Justice.
C.E. (“the mother”) petitions this Court for a writ of certiorari to review the Court of Civil Appeals’ judgment reversing a judgment entered in the mother’s favor by the Baldwin Juvenile Court. See T.C. v. C.E., 91 So.Sd 684 (Ala.Civ.App.2011). This case concerns a dispute between the mother and T.C. (“the father”) over the father’s proposed relocation of the parties’ two minor children, A.M.C. and T.R.C (“the relocation action”).[1] Because we determine that the Baldwin Juvenile Court and the Court of Civil Appeals lacked subject-matter jurisdiction, we hereby suspend the provisions of Rule 39(g) and (h), Ala. R.App. P., and summarily grant the writ. We vacate the judgment of the Court of Civil Appeals and remand the case with instructions.
According to the facts presented in the mother’s petition and those provided in T.C. v. C.E., the mother and the father, who were not married, and the children initially resided in the State of New York. In 2003, they left New York and traveled the country in a motor home for approximately one year.[2] In October 2004, they settled in Baldwin County.
In August 2006, the Baldwin Juvenile Court awarded the father primary physical custody of the children, awarded the mother visitation, and awarded the parties joint legal custody of the children. The nature of the juvenile court proceeding that resulted in the August 2006 custody award to the father is not disclosed in the Court of Civil Appeals’ opinion in T.C. v. C.E. or in the mother’s petition.
In November 2008, the father sent the mother a letter by certified mail. The letter notified the mother of the father’s plan to relocate with the children to Vernon, New York, at the end of the 2008-2009 school year. The notice apparently was in substantial compliance with the requirements of the Alabama Parent-Child Relationship Protection Act, Ala. Code 1975, § 30-3-160 et seq. (“the Relationship Protection Act”). In December 2008, the mother, through her counsel, sent the father a letter indicating that she objected to the proposed relocation of the children to New York.
In February 2009, the mother filed a petition in the juvenile court requesting that it enter an order prohibiting the father from relocating the children. The father filed a motion to dismiss the mother’s petition as untimely filed. The juvenile court denied the father’s motion, and it granted the substantive relief requested by the mother in her petition.
The father appealed to the Court of Civil Appeals. On December 11, 2009, that court issued an opinion in which it concluded that the mother had waived her right to file an action opposing the proposed relocation because her petition in the juvenile court was not timely filed. In so doing, the Court of Civil Appeals treated the action as one that was within the subject-matter jurisdiction of the juvenile court. *689 Accordingly, it proceeded to discuss the merits of the parties’ respective positions as to the meaning of various procedural requirements and other provisions of the Relationship Protection Act and as to what substantive rights might ensue to one party based on the other party’s failure to comply with the Relationship Protection Act as interpreted by that court. Based on this discussion, it reversed the judgment of the juvenile court; it also directed the juvenile court to dismiss the mother’s petition. See T.C. v. C.E., supra (withdrawing original opinion of December 11, 2009, on rehearing ex mero motu). The mother then filed the present petition for a writ of certiorari with this Court seeking a review of the Court of Civil Appeals’ decision in the relocation action.
A few days after the Court of Civil Appeals issued its decision in T.C. v. C.E., the mother filed an action in the Baldwin Juvenile Court seeking a modification of custody (“the modification action”). See Ex parte T.C., 63 So.3d 627 (Ala.Civ.App. 2010). The father filed a motion to dismiss the modification action. Thereafter, the juvenile court entered a “status quo” order directing that the children remain in Alabama pending a final hearing in the modification action.
The father then filed a petition for a writ of mandamus with the Court of Civil Appeals. In his petition, the father contended that the juvenile court lacked jurisdiction to hear the modification action “because of [the Court of Civil Appeals’] opinion in [T.C. v. C.E.] and the pending certiorari proceedings in [this Court].” See Ex parte T.C., 63 So.3d at 630. The Court of Civil Appeals concluded, however, “that the mother’s modification action suffered] from a more fundamental jurisdictional defect.” Ex parte T.C., 63 So.3d at 630 (emphasis added). It concluded that the 2006 custody proceeding in which the father was awarded physical custody and the mother and the father were awarded joint legal custody had not involved an adjudication that A.M.C. and T.R.C. were dependent, delinquent, or in need of supervision. The Court of Civil Appeals further observed that juvenile courts no longer had subject-matter jurisdiction over custody proceedings filed after January 1, 2009, except in instances where the juvenile court had previously made an adjudication that the child was dependent, delinquent, or in need of supervision. See Ex parte T.C., 63 So.3d at 630; see also Ala.Code 1975, § 12-15-117.[3] Accordingly, the Court of Civil Appeals correctly concluded that the juvenile court lacked subject-matter jurisdiction in the modification action. Based on this conclusion, the Court of Civil Appeals granted the father’s petition for a writ of mandamus, directed the juvenile court to vacate its “status quo” order, and ordered the juvenile court to dismiss the modification action. 63 So.3d at 631. The mother filed a petition for a writ of certiorari seeking our review of the Court of Civil Appeals’ decision in Ex parte T.C. This Court denied the mother’s petition, without an opinion. See Ex parte C.E. (No. 1091354, Sept. 10, 2010), 63 So.3d 627 (Ala.2010).
While considering the mother’s petition for certiorari review in the present case, i.e., the relocation action, and after review *690 ing the Court of Civil Appeals’ decision in the modification action, this Court became concerned that, as the Court of Civil Appeals had concluded in its opinion in the modification action, the juvenile court similarly lacked subject-matter jurisdiction to address the merits of the mother’s petition in the present case. Specifically, we were concerned that the juvenile court, and by extension the Court of Civil Appeals, lacked subject-matter jurisdiction in the present case to address what the Relationship Protection Act does or does not require procedurally (these requirements being nonjurisdictional in nature), whether the mother had correctly followed the procedural requirements under the Relationship Protection Act, and the nature of any substantive rights that might ensue to the father as a result of any unwaived or unexcused failures of the mother in this regard. See Jean v. Jean, 32 So.3d 1274, 1277 (Ala.2009) (repeating the well settled rules that a judgment entered without subject-matter jurisdiction is void and that a void judgment will not support an appeal). On July 6, 2010, this Court entered an order in this case requiring “that the Alabama Court of Civil Appeals reconsider the decision in T.C. v. C.E. ... in light of the decision in Ex parte T.C.”
In response to this Court’s order, the Court of Civil Appeals placed T.C. v. C.E. on rehearing ex mero motu, withdrew its December 11, 2009, opinion, and issued a new opinion. See T.C. v. C.E., 91 So.3d at 684-85. In the new opinion, however, the Court of Civil Appeals did not actually decide the issue of the juvenile court’s subject-matter jurisdiction or its subject-matter jurisdiction. Instead, it made an assumption that subject-matter jurisdiction existed and, upon the predicate of this assumption, proceeded to reissue an opinion addressing the procedural requirements under the Relationship Protection Act and the substantive rights relating thereto as referenced above. The Court of Civil Appeals’ only substantive reference to the issue of the jurisdiction of the juvenile court occurs in a footnote:
“[The mother claims that her December 2008] letter [to the father] amounted to a timely ‘objection’ that sufficed under Ala.Code 1975, §§ 30-3-165(b)(8) and 30-3-166, to warrant the relief granted by the juvenile court. Further, that letter predated the January 1, 2009, effective date of Act No. 2008-277, Ala. Acts 2008, the principal jurisdictional authority upon which Ex parte T.C. relied. As we hold herein, assuming that that un-filed ‘objection’ equated to a court filing triggering the juvenile court’s jurisdiction under pre-2009 laws to consider the matter of the proposed relocation, it was nevertheless insufficient to preserve the mother’s substantive rights to object to the proposed move under Ala.Code 1975, § 30-3-160 et seq. If our assumption is wrong, and the adoption of Act No. 2008-277 did operate to divest the juvenile couH of jurisdiction to hear the mother’s action seeking an order preventing the father’s contemplated relocation, then that fact would constitute all the more reason for this couH to mandate, as we did in our opinion on original deliverance in this case, that the juvenile couH dismiss the mother’s action.”
T.C. v. C.E., 91 So.3d at 685 n. 1 (some emphasis in original; some emphasis added).
As noted above, the mother in her petition for certiorari review asks this Court to reverse the Court of Civil Appeals’ judgment in T.C. v. C.E. Specifically, the mother makes a number or arguments as to how the Court of Civil Appeals erred in its analysis of the Relationship Protection Act and how that Act applies in this case. We pretermit discussion of the *691 correctness of the Court of Civil Appeals’ analysis as to these issues, however. Consistent with the opinion issued by the Court of Civil Appeals in the modification action, Ex parte T.C., we conclude that the juvenile court’s decision the mother seeks to reinstate is void for lack of subject-matter jurisdiction; the Court of Civil Appeals likewise lacked jurisdiction and should have dismissed the father’s appeal.
In its opinion in the present case, the Court of Civil Appeals conceded that the assumption that the mother’s unfiled December 2008 letter equated to filing a petition with the juvenile court might be incorrect. Nonetheless, that court reasoned that, because the mother had not timely filed her objection to the relocation under the Relationship Protection Act, and because “dismissal” of the mother’s petition by the juvenile court would be the correct result whether the juvenile court lacked jurisdiction or whether the mother had failed to timely file her objection, a decision as to the jurisdictional issue was unnecessary. T.C. v. C.E., 91 So.3d at 685 n. 1. We conclude, however, that there was a lack of subject-matter jurisdiction that prevented the Court of Civil Appeals from addressing the procedural requirements and substantive rights associated with the Relationship Protection Act when it reissued its opinion following this Court’s July 16, 2010, order.
The Court of Civil Appeals reached the merits of the ease before it premised upon what, as noted, was its “assumption” that the “unfiled ‘objection’ ” — the mother’s December 2008 letter — “equated to a court filing triggering the juvenile court’s jurisdiction.” 91 So.3d at 685 n. -1. This premise for the discussion that ensued is contrary to the plain language of the Relationship Protection Act. Section 30-3-169, Ala.Code 1975, states:
“The person entitled to determine the principal residence of a child may change the principal residence of a child after providing notice as provided herein unless a person entitled to notice files a proceeding seeking a temporary or permanent order to prevent the change of principal residence of a child within 30 days after receipt of such notice.”
(Emphasis added.) See also Ala.Code 1975, § 30-3-169.1(a) (“A person entitled to custody of or visitation with a child may commence a proceeding objecting to a proposed change of the principal residence of a child and seek a temporary or permanent order to prevent the relocation.”). Section 30-3-169.1(c) also clearly contemplates a “filing” with the appropriate court.
“A proceeding filed under this section must be filed within 30 days of receipt of notice of a proposed change of principal residence of a child, except that the court may extend or waive the time for commencing such action upon a showing of good cause, excusable neglect, or that the notice required by subsection (b) of Section 30-3-165 is defective or insufficient upon which to base an action under this article.”
(Emphasis added.)
The premise upon which the Court of Civil Appeals proceeded to discuss the merits of the case before it also was contrary to the general principle that the filing of a pleading with the proper judicial officer is necessary to invoke a trial court’s jurisdiction.
“Unless the subject matter is presented to the court in some other mode sanctioned by law, a petition or complaint must be filed in the court where the judgment is sought in order to confer jurisdiction on the court to render the judgment....
“The filing of a pleading is complete once it is delivered to and received by *692 the proper officer to be kept on the court files.”
61B Am.Jur.2d Pleading § 850 (2010) (emphasis added); see, e.g., Rule 3(a), Ala. R. Civ. P.; Rule 12(A), Ala. R. Juv. P.; see also Boyd v. Garrison, 246 Ala. 122, 126, 19 So.2d 385, 388 (1944) (“A court cannot of its own motion assume jurisdiction. It is necessary that some person shall in a legal way invoke its action.”).
Thus, the letter sent by the mother to the father in December 2008 clearly did not invoke the jurisdiction of the juvenile court. Any consideration by the juvenile court and, thereafter, by the Court of Civil Appeals, of the nonjurisdictional procedural requirements imposed by the Relationship Protection Act, and the consequences for parties’ substantive rights that might ensue from any unwaived or unexcused failure to meet those requirements, was appropriate only if the jurisdiction of the juvenile court was properly invoked at some subsequent juncture. Because of the above-noted changes to § 12-15-117 that became effective January 1, 2009, divesting the juvenile courts of subject-matter jurisdiction over custody proceedings except in those instances where the child has been adjudicated dependent, delinquent, or in need of supervision, subject-matter jurisdiction over the filing made by the mother in February 2009 resided in the circuit court, not the juvenile court. There being no other purported basis for the assertion of jurisdiction by the juvenile court over this case, that court, and in turn the Court of Civil Appeals, lacked jurisdiction over it. Accordingly, both courts exceeded their authority in addressing the merits of the issues raised by the parties, as referenced above. The appropriate course for the Court of Civil Appeals in this case was to vacate its judgment, which is void for lack of subject-matter jurisdiction, and direct the juvenile court to do likewise.
Because of the lack of jurisdiction by both the juvenile court and the Court of Civil Appeals, we suspend the provisions of Rule 39(g) and (h), Ala. R.App. P.,[4] and grant the mother’s petition for the purpose of vacating the judgment of the Court of Civil Appeals and remanding the case to that court; the Court of Civil Appeals is directed to dismiss the appeal and to direct the juvenile court to vacate its judgment and dismiss the case.
WRIT GRANTED; JUDGMENT VACATED AND CAUSE REMANDED WITH DIRECTIONS.
COBB, C.J., and WOODALL, STUART, BOLIN, PARKER, SHAW, MAIN, and WISE, JJ., concur.

. The children are referred to as "A.C." and "Tr.C.” in the Court of Civil Appeals’ opinion. See T.C. v. C.E. and Ex parte T.C., 63 So.3d 627 (Ala.Civ.App.2010).

. The mother attributes the move from New York to “numerous problems ..., including drug use.” It appears that the “drug use” to which she was referring was by the father's brother, not the father or the mother.

. Although it is not clear from the Court of Civil Appeals' opinion in Ex parte T.C., based upon a comment made by Presiding Judge Thompson in his special writing in that case, it appears that the 2006 custody proceeding was a paternity action. Ex parte T.C., 63 So.3d at 631 (“The changes in the retention law affect cases like paternity cases, in which issues of custody, visitation, and child support are routinely decided.” (Thompson, P.J., concurring in part and concurring in the result)).

. See Ex parte Young, 13 So.3d 886 (Ala. 2007).