The father filed a complaint for divorce in July 1993. He requested, among other things, that the custody of the parties' minor *Page 622 
child be awarded to his parents and that the mother's visitation rights be restricted. The mother answered and filed a counterpetition, seeking custody of the child. The paternal grandparents filed a petition to intervene, alleging that neither the father nor the mother was fit to have custody of the minor child. They requested that they be awarded custody. The petition was granted.
Following lengthy oral proceedings, the trial court awarded custody of the minor child to the paternal grandparents. The mother appeals.
The mother argues that the trial court erred in granting permanent custody to the grandparents without finding her to be an unfit parent.
A natural parent has a prima facie right to the custody of his or her child. Ex parte Terry, 494 So.2d 628 (Ala. 1986). In order for a nonparent to overcome the presumption, the court must find from clear and convincing evidence that the parent is so unfit for custody that the best interests of the child will be served by granting custody to the nonparent. Ex parte Terry.
The trial court did not find the mother to be unfit, nor did its order contain findings of fact to support such a conclusion. We are not clearly convinced that the evidence was sufficient to overcome the mother's primary right to custody. We find that the trial court erred in failing to address the issue of the mother's fitness. The judgment is reversed.
As an addendum, we consider it proper and important for future trials to observe that the videotaped record in this case was of very poor quality. The record on appeal was produced according to Rule 14, A.R.A.P. There was no backup, written transcript of the evidence. This record is an example of the weakness of Rule 14. It requires the appellate court to view the videotape for the same length of time as was consumed in the trial itself. In this particular record, there were areas of the scene of the trial which were not visible on the tape; for instance, one of the lawyers, while questioning a witness, was out of the picture. There was a recording used to examine a witness, which was unintelligible. We suggest that counsel with the responsibility for presentation of the record on appeal review the tape before it is sent to the appellate court to be certain that it sufficiently informs us of the events before the trial judge.
The appellees' request for attorney fees on appeal is denied.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED.
All the Judges concur.