659 So.2d 622 (1995)
Ex parte Michael S. MATTHEWS, Maxine Matthews, and Julius Matthews.
In re Rosalind S. MATTHEWS
v.
Michael S. MATTHEWS, Maxine Matthews, and Julius Matthews.
1940413.
Supreme Court of Alabama.
March 24, 1995.
Marylee Abele, Birmingham, for petitioners.
William R. North of Dawson & Gear, Birmingham, for respondent.
*623 COOK, Justice.
WRIT DENIED.
HORNSBY, C.J., and SHORES, HOUSTON, INGRAM and BUTTS, JJ., concur.
MADDOX, J., concurs in the result.
KENNEDY, J., dissents.
MADDOX, Justice (concurring in the result).
I concur in the result, but only because the law does provide as follows:
"`The prima facie right of a natural parent to the custody of his or her child, as against the right of custody in a nonparent, is grounded in the common law concept that the primary parental right of custody is in the best interest and welfare of the child as a matter of law. So strong is this presumption, absent a showing of voluntary forfeiture of that right, that it can be overcome only by a finding, supported by competent evidence, that the parent seeking custody is guilty of ... misconduct or neglect to a degree which renders that parent an unfit and improper person to be entrusted with the care and upbringing of the child in question. Hanlon v. Mooney, 407 So.2d 559 (Ala.1981).'"
Ex parte Terry, 494 So.2d 628, 632 (Ala.1986) (quoting Ex parte Mathews, 428 So.2d 58, 59 (Ala.1983)).
The record does not show that the trial court made this finding, which the law requires; therefore, I agree that the Court of Civil Appeals properly reversed the judgment and remanded the case. On remand, however, the trial court can still make a finding, if it is supported by the evidence, that will support its original award of custody.