THIGPEN, Judge.
This case involves an attorney fee.
After Jane Bridenthal Henry’s death in March 1991, her granddaughter, Charlotte Smith Farnham, petitioned for letters of administration, and letters were issued. Jonathan E. Lyerly filed a claim against the estate, seeking $16,058.76 for legal services that he claimed he performed during the period May 11, 1990, through October 5, 1990. Following the filing of other pleadings, and after receiving ore tenus evidence, the probate court found that Lyerly “did not render legal services to or for the conserva-torship and therefore is not entitled to any attorney fees for legal services in connection with the conservatorship of Jane Bridenthal Henry, now deceased.”
The administration of Henry’s estate was removed to the circuit court, and that court considered Lyerly’s claim. Ultimately, after extensive ore tenus proceedings, the trial court entered a lengthy order specifically finding that Lyerly was not entitled to any legal fees from Henry’s estate, and it entered a judgment favoring Henry’s estate on Lyerly’s claim. Lyerly’s post-judgment motion was denied; hence, this appeal.
Lyerly’s only issue on appeal is whether the trial court erred in finding that he was not entitled to any legal fees. He argues, in part, that the trial court denied fees for his professional services for his client because he failed to take legal actions that were contrary to his client’s instructions.
The record discloses that after Henry received notice of a conservatorship action, she retained Lyerly as her counsel. See Ala. Code 1975, § 26-2A-135(d). Lyerly’s representation of Henry resulted in negotiations and an agreement regarding the conservator-ship. The order appointing a conservator for Henry was effective June 22, 1990. Any arguments that Lyerly raised regarding legal services he claimed to have rendered on behalf of Henry after that time were rejected by the trial court, and they will not be considered here.
It is well established that when the trial court’s judgment in a nonjury case is based upon disputed oral testimony, the ore tenus rule applies; under that rule, a presumption of correctness attaches to the judgment, and the judgment will not be reversed unless it is shown to be plainly and palpably wrong. Alabama Highivay Dep’t v. Stuck-ey’s/DQ of Grand Bay, 613 So.2d 333 (Ala.1993). The multi-volume record in the instant case contains two videotaped recordings of ore tenus testimony, along with numerous documents, exhibits, depositions, and the written transcript of the proceedings in the probate court. This court’s previously expressed concerns regarding the use of a videotaped record, in accordance with Rule 14, A.R.App.P., apply equally in this case. See Matthews v. Matthews, 659 So.2d 621 (Ala.Civ.App.1994).
In the trial court’s August 24, 1994, order denying a post-judgment motion, the trial court expressly stated that any questionable transfers by Henry were made before she retained Lyerly, and it concluded that it was not in Henry’s interest for her to give away several thousand dollars when she might need those funds for her own welfare. The comprehensive orders of the trial court in this case also addressed considerations regarding undue influence, Henry’s needs, and *588 whether Lyerly was acting in his client’s best interest. Clearly, Henry was entitled to retain her own representation through the date she was given a conservator; however, Lyerly is not entitled to any fees after the appointment of the conservator. The record discloses that Henry had paid Lyerly through mid-May. The trial court considered evidence regarding Lyerly’s claim for payment for services provided until the date the conservator was appointed.
The trial court’s judgment and its order responding to Lyerly’s post-judgment motion detail specific findings and the factual basis for its denial of Lyerly’s claim. Those two orders together exceed 25 pages. Inter alia, the trial court carefully considered the amounts Lyerly had been paid in his representation of Henry, and, after evaluating Lyerly’s performance and skill in representing Henry, the trial court determined that Lyerly was not entitled to any additional compensation in this matter. Ample record evidence supports that determination, and Lyerly has failed to show error on appeal. The carefully reasoned judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES, MONROE, and CRAWLEY, JJ., concur.