RICHARD L. HOLMES, Retired Appellate Judge.
This is a child custody case.
C.L.C. (mother) and J.D.A. (father) are the parents of K.E.A. (child), who was born in November 1993. The parents are not married to one another and, in fact, have never been married to one another. However, the father was adjudicated to be the natural father of the child. The child and her mother are presently living with the maternal grandparents.
In January 1995 the maternal grandmother filed a petition, seeking to have the child declared as dependent and to terminate the parental rights of both the mother and the father. In her petition the maternal grandmother made no allegations against the father. The father filed an answer and a counterclaim, wherein he requested that the trial court award primary custody of the child to him.
In March 1995 the maternal grandmother withdrew her petition. At that point a custody battle ensued between the mother and the father.
After an ore tenus hearing, the trial court issued an order, finding the child to be dependent and awarding the custody, care, and control of the child to the father, with visitation rights vested in the mother. The mother filed a post-judgment motion, which was denied.
The mother appeals.
We note that even though the trial court found the child to be dependent, this case is solely a custody case. In fact, the trial court, in its court report, referred to the case as an “old-fashioned custody battle.” Therefore, the sole issue on appeal is whether the trial court abused its discretion when it awarded the custody, care, and control of the child to the father.
At the outset we note that it is well settled that the issue of child custody falls within the sound discretion of the trial court and that its determination regarding this issue will not be disturbed on appeal unless there is a showing of plain or palpable abuse of discretion. Dobbins v. Dobbins, 602 So.2d 900 (Ala.Civ.App.1992).
Further, we would note that when considering custody matters, the trial court must determine what would be in the best interests and welfare of the child. Brown v. Brown, 602 So.2d 429 (Ala.Civ.App.1992).
With the above standard in mind, we do not deem it necessary to set out in detail the *367 full facts of this case. However, the following facts are pertinent to the trial court’s findings: The maternal grandmother has been the primary caregiver for the child since the child’s birth. The child and her mother presently live with the maternal grandparents. We note that there has been no prior judicial determination regarding the custody of the child. We also again reiterate that this is a custody dispute between the mother and the father of the child.
The mother attempted suicide in December 1994. She has been diagnosed with a personality disorder and is presently taking medication for depression. The court record indicates that, to prevent the mother from taking an overdose, as she has done in the past, the medication is administered to the mother by someone else. The mother has attended some counseling sessions for her problems.
The mother is not employed. She testified that she is presently seeking employment and would like to attend school. She recently obtained her G.E.D.
The mother testified that she has, to some extent, abused the child in the past because of her chemical imbalance and personality disorder. She stated, however, that she is “working on it, trying to do better.”
The father testified that he has a job and is willing to care for his child. The child is currently on Medicaid. The father testified that he is willing to have the child placed on his medical insurance. The father has faithfully paid child support to the mother since his paternity was established and has exercised his visitation rights.
We would note that while the mother testified about periods wherein she has made some progress in attempting to adjust and to improve her circumstances and periods wherein she has participated in counseling, she has not significantly improved to the point that she could be relied upon to provide permanent custody and care of the child.
In light of the above, we find that there was evidence to support the determination of the trial court.
This judgment is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12 — 18—10(e), Ala.Code 1975.
AEFIRMED.
ROBERTSON, P.J., and THIGPEN, YATES, and CRAWLEY, JJ., concur.
MONROE, J. dissents.