MONROE, Judge.
After seven years of marriage, Stephen Bernard Street sued for a divorce from Julie Elizabeth Street. Julie also sued for a divorce. The cases were consolidated. Both parties sought temporary and permanent custody of their two children, ages 6 and 3 at the time of these proceedings.
The court held a hearing on July 14, 1997, to determine temporary custody of the children, and it awarded temporary custody to the father. After a hearing on March 26,1998, the court entered an order divorcing the parties and dividing their property. The court also awarded the paternal grandparents physical custody of the children and awarded the parties joint legal custody and visitation. The mother filed a post-judgment motion, which the trial court denied. The mother appeals.
The mother argues that the court erred in awarding custody of the children to a nonparents without finding her unfit as a parent. We agree.
Parents have a prima facie right to the custody of their children. Ex parte Terry, 494 So.2d 628 (Ala.1986). In order for a nonparent to overcome the presumption that the parent is entitled to custody, the court must find from clear and convincing evidence that the parent is so unfit for custody that the best interests of the child will be served by granting custody to the nonparent. Id.; Matthews v. Matthews, 659 So.2d 621, 622 (Ala.Civ.App. 1994), cert. denied, 659 So.2d 622 (Ala.1995). In Matthews, this court reversed a trial court’s award of custody to grandparents, finding that the trial court had failed to address the issue of the mother’s unfitness.
Here, the trial court made no finding that the mother was unfit and the mother’s fitness was not an issue. In fact, there was evidence to the contrary. Testi *1226 mony from the father, the paternal grandmother, and the mother indicated that the mother was the children’s primary caregiver. As for the father, the paternal grandmother testified that, while the father had temporary custody of the children, the grandmother went to his house every morning and got the children ready and that she basically fed them all their meals. Because the court made no finding that the mother was not a fit parent, the trial court’s judgment must be reversed.
The court’s reasoning for awarding the paternal grandparents custody of the children was based on the fact that both parents work. The record indicates that the paternal grandparents provided child care while the parties worked. In its order, the court stated, “[I]t would be in the best interest of the minor children for them to continue to reside in the paternal grandparents’ home because each parent is now working and either parent would only see the children from the time he or she returns until bedtime.”
The evidence shows that the mother and father both work normal hours. The father’s work hours are 6:30 a.m. to 5:00 p.m., and the mother’s hours are 8:00 a.m. to 5:00 p.m. While the parties worked during the day, the older child attended school and the younger child stayed with the paternal grandparents.
The trial court’s judgment is not only contrary to the laws of this state, but it is unreasonable given the number of families today in which both parents work. Furthermore, we note, grandparents do not stand as equals with parents in a custody dispute. See Matthews v. Matthews, 659 So.2d 621, 622 (Ala.Civ.App. 1994). Also, the trial court stated that it would be best for the children to “continue” to reside in the grandparents’ home. However, according to the temporary custody order, the father, not the paternal grandparents, had been awarded temporary physical custody of the children.
On remand the trial court is instructed to make a child-custody determination in accordance with the laws of this state. Because the evidence does not indicate that either parent is unfit, the court’s decision will be between the mother and the father. Thus, we note that when there has been no prior judgment granting custody to either parent, the correct standard to be applied in determining custody is “the best interest of the child.” Ex parte Couch, 521 So.2d 987 (Ala.1988); C.L.C. v. J.D.A. 690 So.2d 365 (Ala.Civ.App. 1996). The “best interest” standard places both parents on equal ground for the purpose of determining custody. Id. In determining what is in the child’s best interest, the court may consider such factors as the age and sex of the child; the child’s emotional, social, moral, material, and educational needs; the respective home environments offered by the parties; the age, character, stability, and mental and physical health of each parent; the capacity of each parent to provide for the needs of the child; and the relationship of the child to each parent. Black v. Black, 625 So.2d 450, 453 (Ala.Civ.App. 1993).
That portion of the trial court’s judgment relating to the custody of the children is reversed, and this case is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
ROBERTSON, P.J., and YATES, CRAWLEY, and THOMPSON, JJ. concur.