MONROE, Judge.
J.M.W. (the father), and D.C.W. (the mother), divorced in 1997, and the mother got custody of their daughter, M.R.W. On March 27, 1998, the mother died. On March 30, 1998, M.R.W.’s maternal uncle, H.W.C., filed a petition in the Colbert County Juvenile Court requesting custody of M.R.W. and her older half-brother, J.C.C. The petition was later amended to show that a different maternal uncle, C.C., (hereinafter “the uncle”) was seeking custody of M.R.W. because, he said, M.R.W. had said she wished to live with him and his wife. H.W.C. was dismissed from this action. The uncle sought custody of M.R.W.’s half-brother in a separate action.
Also on March 30, the father filed a petition seeking temporary custody of M.R.W. The father was awarded temporary custody of M.R.W. pending a final hearing in the case. By the same token, S.S., the father of the half-brother, J.C.C., was awarded temporary custody of J.C.C. pending a final hearing.
During the custody hearing, which concluded on October 23, 1998, the trial court-called the attorneys for all of the parties into chambers and told them there was “no way [it] could conceivably separate the two minor children.” Rather than award custody of the children to their respective fathers, the trial court, in a single judgment, awarded custody of both children to C.C. An appeal was filed by J.M.W., the father of M.R.W. The half-brother’s father, S.S., did not appeal.
The father argues that the trial court erred in holding that the best-interest-of-the-child standard overrides the natural parent’s prima facie right to custody of his child. We note that a trial court’s decisions on legal issues are reviewed de novo and are not entitled to a presumption of correctness on appeal. Stewart v. Goodyear Tire & Rubber Co., 686 So.2d 1225 (Ala.Civ.App.1996).
Parents have a prima facie right to the custody of their children. Ex parte Terry, 494 So.2d 628 (Ala.1986). In order for a nonparent to overcome the presumption that the parent is entitled to custody, the court must find from clear and convincing evidence that the parent is so unfit for custody that the best interests of the child will be served by granting custody to the nonparent. Id.; Matthews v. Matthews, 659 So.2d 621, 622 (Ala.Civ.App.1994), cert. denied, 659 So.2d 622 (Ala.1995). See also, Ex parte Berryhill, 410 So.2d 416 (Ala.1982).
In its judgment, the trial court wrote, “[The father] has, from the evidence, a checkered and questionable past[,] none of which includes abandonment, misconduct, or neglect toward this child. Since receiving temporary custody in May 1998, his efforts at parenting could not be found by this court to render him unfit.” We empathize with the court as it faced this dilemma. This is indeed a heartbreaking case, and we certainly understand the court’s aversion to separating M.R.W. and her brother. All of the parties involved in this case should ensure that the children are given every opportunity to maintain their close relationship. However, under the law, it is clear that, without a finding that the father is unfit, he is entitled to custody of his child. Therefore, we must reverse that portion of the judgment awarding custody of M.R.W. to her uncle, C.C. If we were to hold that, even without a finding that a parent is unfit, the best interests of the child override the parent’s prima facie right to custody of his child, we would be setting an unwise precedent.
The record shows that trial court reached its determination in this case before the parties had completed presenting their evidence, although the parties were given the opportunity to make offers of proof. We agree with the father that the outcome of this case is too important to allow for short cuts at trial. Therefore, on remand, the trial court should allow both parties to fully present their cases, and then make a finding as to the fitness of the father.
Only that portion of the judgment awarding custody of M.R.W. to her uncle, *646 C.C., is before us. That portion is reversed, and the cause is remanded for further proceedings consistent with this opinion.
The father’s request for an attorney fee on appeal is denied.
REVERSED AND REMANDED.
ROBERTSON, P.J., and YATES and THOMPSON, JJ„ concur.
CRAWLEY, J., concurs in the result.