THOMPSON, Judge.
S.D.F. (“the mother”) appeals a judgment awarding custody of her child, A.Q.K. (“the child”), to his father, A.K. (“the father”).
The parties were never married; the child was born in 1995. After the child’s birth, the trial court entered a judgment that established the father’s paternity and ordered him to pay child support. Beginning in 1998, the father began filing a series of complaints against the mother with the Department of Human Resources (“DHR”), alleging that the mother neglected the child. DHR investigated those complaints and determined that they were unfounded.
In May 1999, the parties agreed to share joint custody of the child. On May 21, 1999, the trial court incorporated the parties’ custody agreement into a judgment that provided that the parties have joint custody of the child, with the mother retaining primary physical custody. The judgment provided the father a standard schedule of visitation.
On October 22, 2002, the father petitioned to modify custody of the child. The trial court conducted the hearing on that petition on January 6, 2003. Just before the hearing on January 6, 2003, the mother filed her answer to the father’s petition to modify; that answer contained a “counter motion” that requested, in part, that any future proceedings between the parties be transferred to the Montgomery County Juvenile Court.
Also on January 6, 2003, after the presentation of evidence, the trial court entered a judgment in which it found that, because the child’s custody was in controversy, the child was dependent. The trial court awarded custody of the child to the father. The mother appealed.
Initially, we note that the mother raises a venue issue; she contends in her brief on appeal that the trial court erred in denying her “motion to transfer venue.” Section 30-3-5, Ala.Code 1975, provides that venue for proceedings for, among other things, a modification of custody shall lie in the circuit court that issued the original custody judgment or in the circuit court of the county in which the custodial *328 parent and the child have resided for the three years before the filing of the modification petition. The mother contends in her brief on appeal that she and the child had resided in Montgomery County for the three years before the father filed his petition to modify custody. Assuming that fact to be true, we cannot agree with the mother that the trial court erred with regard to the issue of venue. •
In the trial court, the mother, in her answer and “counter motion,” did not actually move to transfer venue of the action to the Montgomery Circuit Court. Rather, that portion of the mother’s “counter motion” pertaining to venue stated only:
“Upon the conclusion of the evidence, ... the mother requests this court to grant sole custody of the minor child to the mother and transfer all new proceedings to the Juvenile Court in Montgomery County where the child has resided with the mother for the past three years.”
(Emphasis added.) Thus, as is clear from the language of that portion of the mother’s motion pertaining to the issue of venue, the mother did not seek in the trial court a transfer, on the basis of venue, of the custody-modification proceedings then pending before that court. Rather, the mother sought the transfer, on the basis of venue, of any future custody proceedings. An issue not raised before the trial court may not be raised for the first time on appeal. Abbott v. Hurst, 643 So.2d 589 (Ala.1994); Smith v. Equifax Servs., Inc., 537 So.2d 463 (Ala.1988). Therefore, this court may not address the mother’s argument relating to the issue of proper venue.
The mother next argues that the trial court erred in entering a judgment finding the child dependent; she contends that the proceeding before the trial court was in the nature of a custody-modification proceeding and that it did not constitute a dependency proceeding. In making her argument on this issue, the mother contends that the trial court erred in not applying the custody-modification standard set forth in Ex parte McLendon, 455 So.2d 863 (Ala.1984).
A detailed recitation of the facts of this case is not necessary for the disposition of this appeal. The parties in this case made a number of allegations against each other with regard to their respective parenting abilities. The father alleged that the mother did not appropriately supervise the child or assist the child with his homework; that she displayed little interest in the child’s education; and that she often fought with other people. We note that DHR investigated several of the father’s allegations when he filed reports with DHR, but the DHR investigator found those allegations to be unfounded. The mother denied the father’s allegations, and she accused the father of, among other things, attempting to control her through his demands pertaining to the child and of threatening to drag her through whatever court proceedings he could in response to a requirement that he pay child support through the courts. The father alleged that the mother used profanity with regard to the child in a telephone conversation she had with the father. The mother denied that she had ever done so; however, her credibility was called into question when the father offered into evidence a tape recording of an answering-machine message left by the mother containing language similar to the profane language that the father had alleged the mother used during his telephone conversation with her.
This court has held that “[w]hen a review of the record discloses that the hearing relates to custody rather than to dependency, ... the trial court must apply *329 the appropriate custody standard.” B.S.L. v. S.E., 826 So.2d 890, 893 (Ala.Civ.App.2002). See also S.T.S. v. C.T., 746 So.2d 1017, 1020 (Ala.Civ.App.1999) (“After thoroughly reviewing the juvenile dependency statutes and applicable caselaw, we conclude that this case was primarily a custody dispute and, therefore, did not fall within the scope of the dependency statute.”); C.P. v. M.K., 667 So.2d 1357 (Ala.Civ.App.1994) (after concluding that the action was more in the nature of a custody dispute than a dependency action and that the standard set forth in Ex parte Terry, 494 So.2d 628 (Ala.1986), applied, this court reversed a judgment awarding custody to nonparents).
In addition to the trial court’s January 6, 2003, judgment, the record contains several other orders of the trial court pertaining to the child. Those other orders establish the child’s paternity, award the mother custody of the child, and establish the father’s child-support obligation and visitation schedule. None of the orders filed before the January 6, 2003, judgment contain any indication that the court found the child to be dependent. The trial court’s January 6, 2003, judgment is the first order that appears in the record in which the trial court found the child to be dependent.
In his October 22, 2002, petition to modify custody, the father alleged that there had been a change in circumstances such that a modification of custody of the child would serve the child’s best interests. However, in his petition to modify custody, the father did not allege that the child was dependent. Even in his brief submitted to this court, the father did not argue that the trial court’s judgment was correct because the child was dependent. Our review of the record indicates that the parties made a number of allegations concerning each other and their respective abilities to properly parent the child. However, we cannot say that the allegations the parties made against each other, or the evidence they presented in support of those allegations, rose to the level that would result in the proceeding that forms the basis for this appeal being considered a dependency action rather than a custody proceeding.
We conclude that the trial court erred in treating this matter as a dependency action rather than as a custody proceeding. We remand this cause to the trial court for it to determine whether the evidence in this case warrants a change of custody under the standard set forth in Ex parte McLendon, supra.
The mother’s request for an attorney fee on appeal is denied.
REVERSED AND REMANDED.
YATES, P.J., and PITTMAN and MURDOCK, JJ., concur.
CRAWLEY, J., dissents.