82 So.3d 1 (2011)
T.K.
v.
M.G.
2091162.
Court of Civil Appeals of Alabama.
April 1, 2011.
Rehearing Denied June 10, 2011.
Lana K. Hawkins, Arab, for appellant.
Submitted on appellant's brief only.
PER CURIAM.
T.K. ("the mother") appeals from a judgment of the Marshall Juvenile Court ("the juvenile court") declaring K.W. ("the child") dependent and awarding custody of the child to M.G., the child's father ("the father").
The father, who was the noncustodial parent of the child, filed a dependency petition on November 17, 2009, alleging that the mother, the custodial parent, was unable to discharge her parental responsibilities to and for the child because of her use of illegal drugs, her inadequate finances, *2 and her inability to properly care for the child.[1] The father also sought an award of custody of the child and child support. Along with his dependency petition, the father filed a motion requesting that he be awarded custody of the child based on emergency circumstances.[2] The juvenile court granted the father's motion for an award of emergency custody of the child.
On December 1, 2009, the juvenile court entered an order adopting an agreement between the mother and the father pursuant to which the father was awarded pendente lite custody of the child and the mother was awarded visitation rights; that order also contained a requirement that the father, the mother, and the mother's current husband enroll in the Marshall County Family Drug Court program. The pendente lite custody order was subsequently amended on May 3, 2010, to provide that the mother's visitation with the child be supervised. The juvenile court scheduled the matter for a hearing on August 4, 2010, and on May 20, 2010, it entered an order reflecting the terms of the parties' agreement regarding the mother's summer visitation with the child.
On August 3, 2010, the day before the scheduled dependency hearing, the father filed an "amended petition for custody" in which, in addition to the relief sought in his original dependency petition, he sought an order requiring the mother to pay a portion of the child's medical expenses and his attorney fee in this matter. The mother moved to strike or dismiss that amended petition, and the juvenile court granted that motion after concluding that it was untimely filed. Accordingly, the August 4, 2010, hearing proceeded on the father's original dependency petition.
On the date of the dependency hearing, the mother filed a motion to dismiss the father's dependency petition, arguing that the juvenile court lacked subject-matter jurisdiction over the matter. The juvenile *3 court did not rule on that motion before conducting the evidentiary hearing. Following the dependency hearing, the juvenile court entered a judgment on August 5, 2010, in which it, among other things, found by clear and convincing evidence that the child was dependent, awarded the parties joint legal custody of the child, awarded the father primary physical custody of the child, and awarded the mother visitation.
The mother filed a postjudgment motion in which she argued that the juvenile court lacked subject-matter jurisdiction and that her due-process rights had been violated. The juvenile court denied the postjudgment motion, specifically finding that it had subject-matter jurisdiction over the action. The mother then timely appealed to this court.
On appeal, the mother argues that the juvenile court's final judgment is void for lack of subject-matter jurisdiction. The mother contends that, although the father's petition purported to invoke the dependency jurisdiction of the juvenile court, the action is actually in the nature of a custody dispute between the parents and is not a dependency action. The mother contends that the juvenile court therefore erred as a matter of law in concluding that it had subject-matter jurisdiction over the father's action. We review the legal question of subject-matter jurisdiction de novo. Hill v. Hill, [Ms. 2090130, Dec. 3, 2010] ___ So.3d ___, ___ (Ala.Civ.App.2010).
Section 12-15-114(a), Ala.Code 1975, a part of the Alabama Juvenile Justice Act ("the AJJA"), § 12-15-101 et seq., Ala. Code 1975, provides, in pertinent part:
"A juvenile court shall exercise exclusive original jurisdiction of juvenile court proceedings in which a child is alleged to have committed a delinquent act, to be dependent, or to be in need of supervision. A dependency action shall not include a custody dispute between parents."
In her brief submitted to this court, the mother cites Ex parte T.C., 63 So.3d 627, 631 (Ala.Civ.App.2010), in support of her argument. In that case, a mother sought to modify a 2006 custody judgment entered by a juvenile court. The children at issue had not previously been declared dependent, delinquent, or in need of supervision. This court dismissed the mother's appeal, concluding that the juvenile court lacked subject-matter jurisdiction over the mother's custody-modification action. The court explained that under the AJJA, which was effective starting January 1, 2009, a dependency action did not include a custody dispute between parents, see § 12-15-114, Ala.Code 1975, and that the juvenile court's continuing jurisdiction over custody matters applies only to a child who has been determined to be dependent, delinquent, or in need of supervision. Ex parte T.C., supra. See also § 12-15-117(a), Ala.Code 1975 (the juvenile court maintains continuing jurisdiction over a dependent or delinquent child or a child in need of supervision); R.T. v. B.N.H., 66 So.3d 807, 811 (Ala.Civ.App.2011) (the juvenile court did not have jurisdiction under the AJJA to modify the original custody judgment that was entered as part of a paternity action); K.C. v. R.L.P., 67 So.3d 94, 96 (Ala.Civ.App.2011) ("Because the child has never been found dependent, and because the present [custody] action was filed after January 1, 2009, it could only have been properly filed in the circuit court [and not in the juvenile court]."); and Ex parte L.N.K., 64 So.3d 656, 658 (Ala.Civ.App.2010) ("[A] juvenile court no longer has continuing jurisdiction over a child based solely on its having made a prior paternity determination.").
The mother argues that this case, like Ex parte T.C., supra, is a custody *4 dispute. However, in his dependency petition, the father alleged that the mother was using illegal drugs in the presence of the child and that the mother was failing to properly care for the child. The allegations in the father's petition were sufficient to invoke the dependency jurisdiction of the juvenile court. See § 12-15-102(8), Ala.Code 1975 (defining "dependent child"); and § 12-15-114(a), Ala.Code 1975. See also B.R.G. v. G.L.M., 57 So.3d 137, 140 n. 3 (Ala.Civ.App.2010) (the father's allegations that the mother had abused the child and had failed to provide supervision were sufficient to invoke the dependency jurisdiction of the juvenile court and "squarely present[ed] the juvenile court with the question whether the child [was] dependent"); and L.L.M. v. S.F., 919 So.2d 307 (Ala.Civ.App.2005) (the allegations contained in the dependency petitions filed by the father and the grandparents were sufficient to invoke the dependency jurisdiction of the juvenile court).
"Once the dependency jurisdiction of a juvenile court has been properly invoked, the juvenile court has an imperative statutory duty to conduct an evidentiary hearing to determine the dependency of the child." K.C.G. v. S.J.R., 46 So.3d 499, 501 (Ala.Civ.App.2010). In this case, the child was alleged to have been dependent as a result of the conduct of his custodial parent; in essence, the father alleged that the child was one "[w]hose parent, legal guardian, legal custodian, or other custodian is unable or unwilling to discharge ... her responsibilities to and for the child." § 12-15-102(8)(a).6., Ala.Code 1975. The juvenile court, properly exercising its dependency jurisdiction, conducted an evidentiary hearing, and it then entered a judgment finding the child to be dependent and awarding custody to the father. Among its factual findings in that judgment, the juvenile court noted the mother's long history of drug abuse, her recent relapse using crystal methamphetamine, her recent suicide attempt, and her marriage to a man under indictment for manufacturing illegal drugs.[3]
The mother is correct that, in some cases, this court has concluded that the dispute at issue was more in the nature of a custody dispute than a dependency action. See, e.g., S.D.F. v. A.K., 875 So.2d 326, 328-29 (Ala.Civ.App.2003); S.G. v. P.C., 853 So.2d 246 (Ala.Civ.App.2002); B.S.L. v. S.E., 826 So.2d 890 (Ala.Civ.App. 2002); and C.L.C. v. J.D.A., 690 So.2d 365 (Ala.Civ.App.1996). However, this court has also upheld judgments similar to the one at issue in this appeal, i.e., judgments in which a parent is awarded custody of a dependent child. See G.H. v. Cleburne County Dep't of Human Res., 62 So.3d 540 (Ala.Civ.App.2010) (Cleburne County DHR filed petitions alleging the dependency of the children, and the juvenile court entered a judgment finding the children dependent and awarding custody of them to the father); J.J. v. J.H.W., 27 So.3d 519 (Ala.Civ.App.2008) (affirming an award of custody of a dependent child to the child's father); and L.L.M. v. S.F., 919 So.2d 307 (Ala.Civ.App.2005) (affirming an award of custody of a dependent child to the father).
Given the foregoing, we cannot say that, as a matter of law, a child cannot be deemed dependent when a fit parent is willing and able to care for the child. The allegations in the father's pleading, motions, and affidavit, if supported by evidence, would tend to support the dependency *5 determination. The mother has not challenged on appeal the evidentiary support for the juvenile court's dependency determination.
Even if the mother had asserted in her appellate brief an argument regarding the sufficiency of the evidence supporting the juvenile court's dependency judgment, this court could not address that argument. The mother did not include in the record on appeal a copy of the transcript of the dependency hearing. See Goree v. Shirley, 765 So.2d 661, 662 (Ala.Civ.App. 2000) (it was the responsibility of mother, as the appellant, to include sufficient information in record to warrant a reversal); and State ex rel. Gibson v. Gibson, 555 So.2d 1092, 1092-92 (Ala.Civ.App.1989) (same). Therefore, the evidence pertaining to the facts, procedure, and history of this case that was presented to the juvenile court is not available for this court's review, and this court must presume that the evidence omitted from the record was sufficient to support the juvenile court's judgment. J.B. v. Cleburne County Dep't of Human Res., 992 So.2d 34, 40 (Ala.Civ. App.2008).
We hold that the mother has failed to demonstrate on appeal that the juvenile court lacked jurisdiction over this matter. Accordingly, we pretermit a discussion of the due-process argument raised by the mother, because that argument was predicated on her contention that the juvenile court lacked subject-matter jurisdiction.
The mother's request for an attorney fee on appeal is denied.
AFFIRMED.
THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.
MOORE, J., dissents, with writing.
MOORE, Judge, dissenting.
On appeal, T.K. ("the mother") argues that the juvenile court's final judgment is void for lack of subject-matter jurisdiction. The mother contends that, although the petition filed by M.G. ("the father") purported to invoke the dependency jurisdiction of the juvenile court, it actually set out a custody dispute between the parents, which is not a dependency action. The mother contends that the juvenile court therefore erred as a matter of law in holding that it had subject-matter jurisdiction over the action and in denying her motion to dismiss and her motion to vacate the judgment. I agree.
Because juvenile courts are not courts created by the Alabama Constitution, juvenile courts derive their jurisdiction solely from statute, and that jurisdiction cannot be extended beyond the terms of the empowering statute. See Ex parte K.L.P., 868 So.2d 454, 456 (Ala.Civ.App.2003). Section 12-15-114, Ala.Code 1975, a part of the new Alabama Juvenile Justice Act ("the new AJJA"), § 12-15-1 et seq., Ala. Code 1975, sets forth the original jurisdiction of juvenile courts and provides, in pertinent part:
"A juvenile court shall exercise exclusive original jurisdiction of juvenile court proceedings in which a child is alleged to have committed a delinquent act, to be dependent, or to be in need of supervision. A dependency action shall not include a custody dispute between parents."

§ 12-15-114(a), Ala.Code 1975 (emphasis added). Heretofore, neither this court nor our supreme court has construed the meaning of the language used in § 12-15-114(a).
As I read it, the first sentence states, generally, that a juvenile court shall have jurisdiction over proceedings in which a petition has been filed alleging the dependency *6 of a child. However, the second sentence provides that the juvenile court shall not consider a "custody dispute between parents" to be "[a] dependency action." The phrase "custody dispute between parents" refers to a legal contest pitting one parent against another for the custody, or some aspect thereof, of a minor child or children. Therefore, by its plain and unambiguous language, see City of Bessemer v. McClain, 957 So.2d 1061, 1074 (Ala.2006) (requiring courts to give effect to the plain language of a statute), the second sentence of § 12-15-114(a) excludes the possibility that a juvenile court could exercise dependency jurisdiction over a contest solely between two parents as to the custody of one or more of their children. In effect, the second sentence of § 12-15-114(a) creates an exception to the first sentence by declaring that a custody dispute between parents, even if cast in the form of a dependency petition, will not invoke the jurisdiction of the juvenile court.
My reading would be consistent with the other changes wrought by the enactment of the new AJJA. Under former law, the term "dependent child" included a child "[wjhose custody is the subject of controversy." See former § 12-15-1 (10)c., Ala. Code 1975; see also Title 62, § 311, Ala. Code 1940 (Recomp.1958). At one time, that language had been interpreted as bringing custody disputes between parents within the dependency jurisdiction of juvenile courts. See Hajovsky v. Hajovsky, 276 Ala. 77, 159 So.2d 194 (1963). The new AJJA repealed that part of the definition of "dependent child," see § 12-15-102(8)a., Ala.Code 1975, reinforcing the conclusion that the dependency jurisdiction of Alabama's juvenile courts no longer extends to custody disputes between parents.
Moreover, the new AJJA defines a "dependent child" to include a child who "is in need of care or supervision" and "[w]ho is without a parent, legal guardian, or legal custodian willing and able to provide for the care, support, or education of the child." § 12-15-102(8)a.2., Ala.Code 1975. In considering the significance of that definition, Justice Murdock recently explained that
"dependency is a status created by law that either is true of a child or is not. That is, either a child is dependent or it is not. A child cannot be dependent vis-À-vis one parent but not dependent as to the other parent. If the child is not dependent `as to one parent,' then the child is not dependent."
Ex parte W.E., 64 So.3d 637, 638 (Ala. 2010) (Murdock, J., concurring specially). Like Justice Murdock, I believe from the language employed in the new AJJA that the legislature intended that a child cannot be considered dependent if one of the child's parents is able to provide adequate care of the child. Hence, any petition filed by a noncustodial parent asserting his or her fitness to exercise custody over the subject child cannot possibly invoke the dependency jurisdiction of the juvenile court regardless of an allegation that the conduct of the custodial parent endangers the child.
I further note that, under former law, this court often pierced the form of the pleadings to hold that "dependency petitions" actually presented a custody dispute between parents that should be decided according to custody, as opposed to dependency, principles. See Jones v. Webb, 524 So.2d 374, 375 (Ala.Civ.App.1988); C.L.C. v. J.D.A., 690 So.2d 365 (Ala.Civ.App. 1996); B.S.L. v. S.E., 826 So.2d 890 (Ala. Civ.App.2002); S.G. v. P.C., 853 So.2d 246 (Ala.Civ.App.2002); and S.D.F. v. A.K., 875 So.2d 326, 328-29 (Ala.Civ.App.2003). See also N.G. v. L.A., 790 So.2d 262, 267 (Ala. Civ.App.2000) ("When a case is more in *7 the nature of a custody case than a determination-of-dependency case, and the trial court relies on the juvenile-dependency statute to adjudicate the child dependent and award custody to a nonparent, that ruling will not stand."). By declaring in § 12-15-114(a) that a dependency action shall not include a custody dispute between parents, the legislature obviously intended to strengthen that line of caselaw. Now, not only is a custody dispute between parents declared not to be a dependency action, but the legislature has further clarified that such a dispute can no longer be decided by juvenile courts because the dispute lies outside their jurisdiction.
Taken altogether, the changes in the new AJJA indicate an obvious legislative intent that a noncustodial parent cannot invoke the dependency jurisdiction of a juvenile court by simply casting his or her custody claim in the form of a dependency petition. In failing to give effect to that intent, the main opinion relies on cases either decided under former law, see, e.g., L.L.M. v. S.F., 919 So.2d 307 (Ala.Civ.App. 2005), or cases in which third parties had filed a dependency petition, see, e.g., B.R.G. v. G.L.M., 57 So.3d 137, 140-41 (Ala.Civ.App.2010). Those cases have no bearing on the issue presently before the court, i.e., whether, based on § 12-15-114(a), a juvenile court, pursuant to its dependency jurisdiction, currently has jurisdiction to decide a custody dispute solely between parents.
Furthermore, I cannot concur that the legislature intended that some custody disputes between parents will fall within the dependency jurisdiction of the juvenile courts based on the nature of the factual allegations asserted in the complaint. If that is true, then juvenile-court intake officers and juvenile-court judges would bear the responsibility of ferreting out those custody disputes between parents that are within, and those custody disputes between parents that are outside, the dependency jurisdiction of the juvenile courts. The legislature plainly intended to avoid such a guessing game by, in effect, declaring in the second sentence of § 12-15-114(a) that no custody dispute between parents can ever be characterized as a dependency action. The legislature obviously intended that the valuable judicial resources of a juvenile court should not be wasted in undertaking to determine whether it had jurisdiction over such disputes, much less by adjudicating them. The majority's reasoning totally subverts that purpose.
By enacting § 12-15-114(a), the legislature has declared that any custody dispute between parents lies outside the dependency jurisdiction of the juvenile courts. Based on the language employed in § 12-15-114(a), the history leading up to the adoption of § 12-15-114(a), and the changes made by the legislature to the former Alabama Juvenile Justice Act, former § 12-15-1 et seq., Ala.Code 1975, I conclude that the legislature intended that a noncustodial parent cannot invoke the dependency jurisdiction of a juvenile court by filing a petition naming the custodial parent as a defendant, asserting the dependency of the child, and requesting a transfer of the custody of the child to the noncustodial parent.
"Once the dependency jurisdiction of a juvenile court has been properly invoked, the juvenile court has an imperative statutory duty to conduct an evidentiary hearing to determine the dependency of the child." K.C.G. v. S.J.R., 46 So.3d 499, 501 (Ala.Civ.App.2010). In this case, the father did not properly invoke the dependency jurisdiction of the juvenile court when he filed his petition. The juvenile court therefore had no duty to adjudicate the father's petition, and it acted without subject-matter *8 jurisdiction in so doing. A judgment entered without subject-matter jurisdiction is void and will not support an appeal. Ex parte Thomas, 54 So.3d 356, 362 (Ala.2010). Thus, without considering the other issues raised by the mother, I would dismiss this appeal, albeit with instructions to the juvenile court to vacate its final judgment.[4]
NOTES
[1] In his affidavit submitted in support of his dependency petition, the father alleged, among other things, the following specific facts:

"About two weeks ago, I found out [the mother] was in the hospital.... I later found out last Wednesday ... that [the mother] was in the hospital because she was high and thought aliens were coming to kill her.
"... On Friday, November, 13, 2009, I went to pick [the child] up at school as I always do on my weekend. While there [the mother] and [the mother's husband] showed up and caused a scene and the police were called. When the police arrived the[y] both left immediately. While at the school, [the mother's husband] admitted to me that [the mother] had been taking drugs....
"I have since learned that [the mother] has several DUI's and was supposed to be in in-patient treatment for her drug problems. Her husband was also indicted by the Grand Jury in April 2009 for Unlawful Manufacturing...."
[2] In that emergency motion, the father alleged:

"1. That a Petition for a Determination of Dependency has been filed in this case.
"2. That the mother and [the mother's husband] are unable to provide a safe and stable home for the child in that the mother has drug and alcohol addiction and has been arrested for felony [driving under the influence] and recently hospitalized due to her drug addiction and the [mother's husband] has been indicted for unlawful manufacturing a controlled substance.
"3. That the mother can no longer take care of the child in that the mother is believed to be taking illegal drugs to include crystal meth and is believed to have the child exposed to drug users and dealers.
"4. That there exits a real and present danger to the child in that the mother is no longer willing to care for the child due to her continued drug use.
"5. That it is in the best interest of the child to be placed in the temporary custody of the [father] pending a final hearing."
[3] The juvenile court also acknowledged that the mother had made recent improvements in her circumstances, including divorcing her husband, enrolling in a drug-treatment program, attending church, and maintaining a job.
[4] I note that the mother does not contest the jurisdiction of the juvenile court to enter the ex parte order granting the father temporary custody of the child in response to his emergency motion. Hence, I do not express any opinion on that point, except to say that any emergency jurisdiction exercised by the juvenile court ends once the emergency subsides and that a juvenile court cannot rely on that jurisdiction to resolve a dispute between parents regarding the "permanent" custody of their child. See R.T. v. B.N.H., 66 So.3d 807, 811 (Ala.Civ.App.2011).