MOORE, Judge,
dissenting.
On appeal, T.K. (“the mother”) argues that the juvenile court’s final judgment is void for lack of subject-matter jurisdiction. The mother contends that, although the petition filed by M.G. (“the father”) purported to invoke the dependency jurisdiction of the juvenile court, it actually set out a custody dispute between the parents, which is not a dependency action. The mother contends that the juvenile court therefore erred as a matter of law in holding that it had subject-matter jurisdiction over the action and in denying her motion to dismiss and her motion to vacate the judgment. I agree.
Because juvenile courts are not courts created by the Alabama Constitution, juvenile courts derive their jurisdiction solely from statute, and that jurisdiction cannot be extended beyond the terms of the empowering statute. See Ex parte K.L.P., 868 So.2d 454, 456 (Ala.Civ.App.2003). Section 12-15-114, Ala.Code 1975, a part of the new Alabama Juvenile Justice Act (“the new AJJA”), § 12-15-1 et seq., Ala. Code 1975, sets forth the original jurisdiction of juvenile courts and provides, in pertinent part:
“A juvenile court shall exercise exclusive original jurisdiction of juvenile court proceedings in which a child is alleged to have committed a delinquent act, to be dependent, or to be in need of supervision. A dependency action shall not include a custody dispute between parents.”
§ 12-15-114(a), Ala.Code 1975 (emphasis added). Heretofore, neither this court nor our supreme court has construed the meaning of the language used in § 12-15-114(a).
As I read it, the first sentence states, generally, that a juvenile court shall have jurisdiction over proceedings in which a petition has been filed alleging the depen *6 dency of a child. However, the second sentence provides that the juvenile court shall not consider a “custody dispute between parents” to be “[a] dependency action.” The phrase “custody dispute between parents” refers to a legal contest pitting one parent against another for the custody, or some aspect thereof, of a minor child or children. Therefore, by its plain and unambiguous language, see City of Bessemer v. McClain, 957 So.2d 1061, 1074 (Ala.2006) (requiring courts to give effect to the plain language of a statute), the second sentence of § 12-15-114(a) excludes the possibility that a juvenile court could exercise dependency jurisdiction over a contest solely between two parents as to the custody of one or more of their children. In effect, the second sentence of § 12-15-114(a) creates an exception to the first sentence by declaring that a custody dispute between parents, even if cast in the form of a dependency petition, will not invoke the jurisdiction of the juvenile court.
My reading would be consistent with the other changes wrought by the enactment of the new AJJA. Under former law, the term “dependent child” included a child “[w]hose custody is the subject of controversy.” See former § 12-15-1(10)c., Aa. Code 1975; see also Title 62, § 311, Aa. Code 1940 (Recomp.1958). At one time, that language had been interpreted as bringing custody disputes between parents within the dependency jurisdiction of juvenile courts. See Hajovsky v. Hajovsky, 276 Aa. 77, 159 So.2d 194 (1963). The new AJJA repealed that part of the definition of “dependent child,” see § 12-15-102(8)a., Aa.Code 1975, reinforcing the conclusion that the dependency jurisdiction of Aabama’s juvenile courts no longer extends to custody disputes between parents.
Moreover, the new AJJA defines a “dependent child” to include a child who “is in need of care or supervision” and “[w]ho is without a parent, legal guardian, or legal custodian willing and able to provide for the care, support, or education of the child.” § 12-15-102(8)a.2„ Aa.Code 1975. In considering the significance of that definition, Justice Murdock recently explained that
“dependency is a status created by law that either is true of a child or is not. That is, either a child is dependent or it is not. A child cannot be dependent visa-vis one parent but not dependent as to the other parent. If the child is not dependent ‘as to one parent/ then the child is not dependent.”
Ex parte W.E., 64 So.3d 637, 638 (Ala.2010) (Murdock, J., concurring specially). Like Justice Murdock, I believe from the language employed in the new AJJA that the legislature intended that a child cannot be considered dependent if one of the child’s parents is able to provide adequate care of the child. Hence, any petition filed by a noncustodial parent asserting his or her fitness to exercise custody over the subject child cannot possibly invoke the dependency jurisdiction of the juvenile court regardless of an allegation that the conduct of the custodial parent endangers the child.
I further note that, under former law, this court often pierced the form of the pleadings to hold that “dependency petitions” actually presented a custody dispute between parents that should be decided according to custody, as opposed to dependency, principles. See Jones v. Webb, 524 So.2d 374, 375 (Ala.Civ.App.1988); C.L.C. v. J.D.A., 690 So.2d 365 (Ala.Civ.App.1996); B.S.L. v. S.E., 826 So.2d 890 (Ala.Civ.App.2002); S.G. v. P.C., 853 So.2d 246 (Aa.Civ.App.2002); and S.D.F. v. A.K., 875 So.2d 326, 328-29 (Ala.Civ.App.2003). See also N.G. v. L.A., 790 So.2d 262, 267 (Ala.Civ.App.2000) (“When a case is more in *7 the nature of a custody case than a determination-of-dependency case, and the trial court relies on the juvenile-dependency statute to adjudicate the child dependent and award custody to a nonparent, that ruling will not stand.”). By declaring in § 12-15-114(a) that a dependency action shall not include a custody dispute between parents, the legislature obviously intended to strengthen that line of caselaw. Now, not only is a custody dispute between parents declared not to be a dependency action, but the legislature has further clarified that such a dispute can no longer be decided by juvenile courts because the dispute lies outside their jurisdiction.
Taken altogether, the changes in the new AJJA indicate an obvious legislative intent that a noncustodial parent cannot invoke the dependency jurisdiction of a juvenile court by simply casting his or her custody claim in the form of a dependency petition. In failing to give effect to that intent, the main opinion relies on cases either decided under former law, see, e.g., L.L.M. v. S.F., 919 So.2d 307 (Ala.Civ.App.2005), or cases in which third parties had filed a dependency petition, see, e.g., B.R.G. v. G.L.M., 57 So.3d 137, 140-41 (Ala.Civ.App.2010). Those cases have no bearing on the issue presently before the court, i.e., whether, based on § 12-15-114(a), a juvenile court, pursuant to its dependency jurisdiction, currently has jurisdiction to decide a custody dispute solely between parents.
Furthermore, I cannot concur that the legislature intended that some custody disputes between parents will fall within the dependency jurisdiction of the juvenile courts based on the nature of the factual allegations asserted in the complaint. If that is true, then juvenile-court intake officers and juvenile-court judges would bear the responsibility of ferreting out those custody disputes between parents that are within, and those custody disputes between parents that are outside, the dependency jurisdiction of the juvenile courts. The legislature plainly intended to avoid such a guessing game by, in effect, declaring in the second sentence of § 12-15-114(a) that no custody dispute between parents can ever be characterized as a dependency action. The legislature obviously intended that the valuable judicial resources of a juvenile court should not be wasted in undertaking to determine whether it had jurisdiction over such disputes, much less by adjudicating them. The majority’s reasoning totally subverts that purpose.
By enacting § 12-15-114(a), the legislature has declared that any custody dispute between parents lies outside the dependency jurisdiction of the juvenile courts. Based on the language employed in § 12-15-114(a), the history leading up to the adoption of § 12-15-114(a), and the changes made by the legislature to the former Alabama Juvenile Justice Act, former § 12-15-1 et seq., Ala.Code 1975, I conclude that the legislature intended that a noncustodial parent cannot invoke the dependency jurisdiction of a juvenile court by filing a petition naming the custodial parent as a defendant, asserting the dependency of the child, and requesting a transfer of the custody of the child to the noncustodial parent.
“Once the dependency jurisdiction of a juvenile court has been properly invoked, the juvenile court has an imperative statutory duty to conduct an evidentiary hearing to determine the dependency of the child.” K.C.G. v. S.J.R., 46 So.3d 499, 501 (Ala.Civ.App.2010). In this case, the father did not properly invoke the dependency jurisdiction of the juvenile court when he filed his petition. The juvenile court therefore had no duty to adjudicate the father’s petition, and it acted without sub *8 ject-matter jurisdiction in so doing. A judgment entered without subject-matter jurisdiction is void and will not support an appeal. Ex parte Thomas, 54 So.3d 356, 362 (Ala.2010). Thus, without considering the other issues raised by the mother, I would dismiss this appeal, albeit with instructions to the juvenile court to vacate its final judgment.[4]

. I note that the mother does not contest the jurisdiction of the juvenile court to enter the ex parte order granting the father temporary custody of the child in response to his emergency motion. Hence, I do not express any opinion on that point, except to say that any emergency jurisdiction exercised by the juvenile court ends once the emergency subsides and that a juvenile court cannot rely on that jurisdiction to resolve a dispute between parents regarding the "permanent” custody of their child. See R.T. v. B.N.H., 66 So.3d 807, 811 (Ala.Civ.App.2011).