DONALDSON, Judge.
F.L. (“the mother”) appeals the judgment of the Cherokee Juvenile Court (“the trial court”) placing her son, B.A.L. (“the child”), into the joint custody of the mother and K.P. (“the maternal grandmother”), with “primary” custody being vested in the maternal grandmother.

Facts and Procedural History

The maternal grandmother filed an emergency petition for custody in the trial court on August 15, 2013. She alleged numerous grounds in support of a finding of dependency; specifically, she alleged that the mother drops the child off with her or the child’s maternal great-grandparents “for stretches of time,” that “no one is sure where [the mother] now lives,” and that “[t]he [m]other’s husband has been abusive towards the minor child.” The maternal grandmother requested legal custody of the child. On the same day, the trial court granted “temporary legal custody” of the child to the maternal grandmother and entered orders restraining the parties from conducting certain behaviors pending a final hearing and the entry of a final judgment in the case. The trial court further set the matter for a hearing on August 28, 2013. Following the August 28, 2013, hearing, the trial court continued “temporary legal custody” with the maternal grandmother, and awarded scheduled visitation to the mother.
The trial court held a “final hearing” on September 25, 2013. The trial court issued a “temporary order” on October 10, 2013, vesting the parties with joint custody of the child, “with the primary care, custody and control being vested with [the maternal grandmother].” The trial court’s order makes extensive provisions for visitation for the mother. However, the order neither contains a finding of dependency nor sets the matter for any further hearings.
The mother filed a motion to alter, amend, or vacate on October 11, 2013, arguing that the order was not consistent with the evidence and taking issue with the “temporary” nature of the order without scheduling any further hearings. The maternal grandmother filed a motion to alter, amend, or vacate on October 17, 2013, arguing that the order should be made final but also arguing for changes to the mother’s visitation schedule. On October 24, 2013, the trial court issued a “final order” that clarified the mother’s visitation schedule, but that order did not include any finding regarding the dependency of the child.
The mother filed her notice of appeal, and motion to proceed in forma pauperis, on November 1, 2013; the trial court granted the motion.

*1026
Standard of Review

“ ‘Our standard of review of dependency determinations is well settled.
“ ‘ “A finding of dependency must be supported by clear and convincing evidence. § 12—15—65(f) [, Ala.Code 1975][3]; M.M.S. v. D.W., 735 So.2d 1230, 1233 (Ala.Civ.App.1999). However, matters of dependency are within the sound discretion of the trial court, and a trial court’s ruling on a dependency action in which evidence is presented ore tenus will not be reversed absent a showing that the ruling was plainly and palpably wrong. R.G. v. Calhoun County Dep’t of Human Res., 716 So.2d 219 (Ala.Civ.App.1998); G.C. v. G.D., 712 So.2d 1091 (Ala.Civ.App.1997); and J.M. v. State Dep’t of Human Res., 686 So.2d 1253 (Ala.Civ.App.1996).”
“ ‘J.S.M. v. P.J., 902 So.2d 89, 95 (Ala.Civ.App.2004).
“ [3] The requirement that a finding of dependency must be supported by clear and convincing evidence before the dis-positional phase of a dependency proceeding is now codified at § 12-15-311(a), Ala.Code 1975.”
J.L. v. W.E., 64 So.3d 631, 634 (Ala.Civ.App.2010) (quoting L.A.C. v. T.S.C., 8 So.3d 322, 326-27 (Ala.Civ.App.2008)).
“ ‘[T]he evidence necessary for appellate affirmance of a judgment based on a factual finding in the context of a case in which the ultimate standard for a factual decision by the trial court is clear and convincing evidence is evidence that a fact-finder reasonably could find to clearly and convincingly [as clear and convincing is defined by § 25-5-81(c) ] establish the fact sought to be proved.’
“KGS Steel[, Inc. v. McInish ], 47 So.3d [749,] 761 [(Ala.Civ.App.2006)].
“... ‘[T]he judge must view the evidence presented through the prism of the substantive evidentiary burden’; thus, the appellate court must also look through a prism to determine whether there was substantial evidence before the trial court to support a factual finding, based upon the trial court’s weighing of the evidence, that would ‘produce in the mind [of the trial court] a firm conviction as to each element of the claim and a high probability as to the correctness of the conclusion.’ § 25-5-81(c).
“In reviewing a decision of the trial court, an appellate court is not permitted to reweigh the evidence, because weighing the evidence is solely a function of the trier of fact. However, it is the function of the appellate court to ascertain that the trial court’s findings of fact are supported by substantial evidence with due regard to, and respect for, the appropriate level of evidentiary proof required, which in this case is clear and convincing.”
Ex parte McInish, 47 So.3d 767, 778 (Ala.2008). See also § 6-ll-20(b), Ala.Code 1975 (defining “clear and convincing evidence” outside the workers’ compensation context similarly to § 25—5—81(c), Ala.Code 1975); and § 12-15-310(b), Ala.Code 1975 (“If the juvenile court finds that the allegations in the petition have not been proven by clear and convincing evidence, the juvenile court shall dismiss the petition.”).

Discussion

The mother presents one issue for review: whether “[t]he trial court erred in granting custody of the minor child to a nonparent without a finding of unfitness of the mother.”
The mother argues, based on C.P. v. M.K., 618 So.2d 126 (Ala.Civ.App.1992), *1027 that a finding of unfitness is required to entrust custody of a child with a nonpar-ent. However, that decision was rendered based on the provisions of former § 12-15-1(10), Ala.Code 1975, regarding the applicable standard for finding a child to be dependent rather than the current and controlling provisions of the Alabama Juvenile Justice Act, § 12-15-101 et seq., Ala.Code 1975 (“the AJJA”), specifically, § 12-15-102(8) and § 12-15-310(b), which have been in effect since January 1, 2009.
The mother cites Ex parte Terry, 494 So.2d 628 (Ala.1986), Street v. Street, 731 So.2d 1224 (Ala.Civ.App.1999), and Matthews v. Matthews, 659 So.2d 621 (Ala.Civ.App.1994), for the proposition that a trial court commits error by awarding custody of a child to a nonparent in the absence of a finding of parental unfitness. However, each of those cases arises from a divorce proceeding, none of them deal with the applicable standard for a finding of dependency, and all were decided prior to the effective date of the AJJA. Despite the fact that both parties argue this appeal based on whether the mother was “unfit,” that is not the pertinent issue under the applicable standard promulgated in the AJJA. Moreover, the mother’s reliance on the statement in Street that “grandparents do not stand as equals with parents in a custody dispute,” 731 So.2d at 1226, further confirms that she has misapprehended the very nature of a dependency action.
On appeal, neither party addresses the issue whether the child was dependent pursuant to the AJJA. Further, none of the orders entered by the trial court indicate the basis on which the custody orders were predicated. The trial court did not make a finding of dependency, despite the fact that the case originated with the filing of an emergency petition for custody in which the dependency of the child was alleged, but, nevertheless, the trial court awarded “temporary legal custody” and later “joint custody” to the maternal grandmother.
“ ‘[T]his court has held that when the evidence in the record supports a finding of dependency and when the trial court has made a disposition consistent with a finding of dependency, in the interest of judicial economy this court may hold that a finding of dependency is implicit in the trial court’s judgment.’ J.P. v. S.S., 989 So.2d 591, 598 (Ala.Civ.App.2008).”
M.W.H. v. R.W., 100 So.3d 603, 607 (Ala.Civ.App.2012). However, the trial court’s orders neither indicate what standard it applied in awarding custody to the maternal grandmother nor make the findings required by Rule 25(A), Ala. R. Juv. P., which provides, in pertinent part:
“If the allegations of the juvenile petition are denied, the juvenile court shall direct that testimony of witnesses be taken. A dependency hearing shall be conducted consistent with legal and due-process requirements and shall proceed generally in a manner similar to the trial of a civil action before the court sitting without a jury.... At the close of the hearing, the juvenile court shall make one of the following findings in writing:
“(1) That the facts alleged in the juvenile petition are true and the child is dependent, in need of supervision, or delinquent; or
“(2) That the facts alleged in the petition are not proved or that the child is not in need of care or rehabilitation or supervision, in which event the juvenile petition shall be dismissed.”
The trial court’s “final order” does not make the required finding as to whether the child was dependent as of the time of either the initial hearing or the final hearing, and, moreover, the order fails to identify the specific grounds to support a find *1028 ing of dependency pursuant to § 12-15-102(8), Ala.Code 1975.'
Because the trial court’s orders are not sufficient to infer that a determination of dependency has been made, we remand this cause to the trial court for it to make, based on the existing record, the written findings required by Rule 25(A), Ala. R. Juv. P., as to whether the child is dependent and, if so, identifying the grounds supporting the findings of dependency. If the trial court finds that the child is not dependent, the petition should be dismissed. The trial 'court shall make due return to this court within 42 days of the release of this opinion.
REMANDED WITH INSTRUCTIONS. 
THOMPSON, P.J., and PITTMAN, J., concur.
THOMAS and MOORE, JJ., concur in the result, without writings.