MOORE, Judge.
A.C. (“the father”) appeals from a judgment of the Montgomery Juvenile Court (“the juvenile court”) modifying custody of his children, S.C. and Ar.C. (“the children”).

Procedural History

On March 1, 2018, L.H. (“the mother”) filed separate petitions asserting that the children were dependent because of the father’s alleged physical abuse of the children while the children were in his custody and requesting that she be awarded custody of the children. On May 18, 2013, the children’s paternal grandmother, D.J. (“the grandmother”), also filed dependency petitions regarding the children. Both the mother and the grandmother alleged that the children had been placed in the custody of the Montgomery County Department of Human Resources (“DHR”) because of allegations that the father had abused the children. After a trial, the juvenile court entered a judgment on January 10, 2014, awarding joint legal custody of the children to the mother and the father, awarding primary physical custody of the children to the mother, and awarding the father specified unsupervised overnight visitation. In its judgment, the juvenile court did not make any findings of fact and did not specify whether it found the children dependent; rather, it stated that it was dismissing the grandmother’s petitions, as well as separate dependency petitions that had been filed by DHR. On January 21, 2014, the father filed his notices of appeal to this court.

Discussion

On appeal, the father argues that the juvenile court erred in modifying custody of the children “without explicitly or implicitly finding the children dependent.” In support of his argument, the father *17 cites F.L. v. K.P., 155 So.3d 1024 (Ala.Civ.App.2014), in which this court reasoned:
“[T]he trial court’s orders neither indicate what standard it applied in awarding custody to the maternal grandmother nor make the findings required by Rule 25(A), Ala. R. Juv. P., which provides, in pertinent part:
“ ‘If the allegations of the juvenile petition are denied, the juvenile court shall direct that testimony of witnesses be taken. A dependency hearing shall be conducted consistent with legal and due-process requirements and shall proceed generally in a manner similar to the trial of a civil action before the court sitting without a jury.... At the close of the hearing, the juvenile court shall make one of the following findings in writing:
“ ‘(1) That the facts alleged in the juvenile petition are true and the child is dependent, in need of supervision, or delinquent; or
“‘(2) That the facts alleged in the petition are not proved or that the child is not in need of care or rehabilitation or supervision, in which event the juvenile petition shall be dismissed.’
“The trial court’s ‘final order’ does not make the required finding as to whether the child was dependent as of the time of either the initial hearing or the final hearing, and, moreover, the order fails to identify the specific grounds to support a finding of dependency pursuant to § 12-15-102(8), Ala.Code 1975.
“Because the trial court’s orders are not sufficient to infer that a determination of dependency has been made, we remand this cause to the trial court for it to make, based on the existing record, the written findings required by Rule 25(A), Ala. R. Juv. P., as to whether the child is dependent and, if so, identifying the grounds supporting the findings of dependency. If the trial court finds that the child is not dependent, the petition should be dismissed.”
155 So.3d at 1028.
Similarly, the juvenile court’s judgment in the present case “neither indicate[s] what standard [the juvenile court] applied in [modifying custody] ... nor [did the juvenile court] make the findings required by Rule 25(A), Ala. R. Juv. P.” F.L., 155 So.3d at 1027. Further, the judgment did not “identify the specific grounds to support a finding of dependency pursuant to § 12-15-102(8), Ala.Code 1975.” F.L., 155 So.3d at 1027. Therefore, like in F.L., because the juvenile court’s judgment in the present case is “not sufficient to infer that a determination of dependency has been made, we remand this cause to the [juvenile] court for it to make, based on the existing record, the written findings required by Rule 25(A), Ala. R. Juv. P., ,as to whether the children are] dependent.” F.L., 155 So.3d at 1028. If the juvenile court determines that the children are dependent, it must “identify[] the grounds supporting the findings of dependency. If the [juvenile] court finds that the children are] not dependent, the petition[s] should be dismissed.” F.L., 155 So.3d at 1028. The juvenile court shall make due return to this court at the earliest possible time and within 21 days after the release of this opinion.
REMANDED WITH INSTRUCTIONS. 
*18 THOMPSON, P.J., and PITTMAN, THOMAS, and DONALDSON, JJ., concur.